[L. A. No. 15918. In Bank.—July 1, 1937.]

COLLIER & WALLIS, LTD. (a Corporation), Respondent, v. MARY ASTOR, Appellant.

Lasher B. Gallagher for Appellant.

Henry F. Walker, Leo L. Schaumer, Charles Dreyfus and Arthur L. Johnson, as *Amici Curiae* on Behalf of Appellant.

Mitchell, Silberberg & Knupp and Guy Knupp for Respondent.

Gang and Kopp, Frederick Leuschner, Hanna and Morton, Byron C. Hanna and Harry E. Sokolov, as *Amici Curiae* on Behalf of Respondent.

CURTIS, J.—This is an appeal from a judgment in favor of the plaintiff in an action to recover upon a contract between the parties to this action whereby the plaintiff, an incorporated employment agent, secured the engagement of the defendant as a motion picture artist by the R. K. O. Studios. The plaintiff was engaged in the business of conducting a private employment agency under a license issued by the commissioner of labor pursuant to the provisions of the so-called Private Employment Agency Law. This act was originally

enacted in 1913. (Stats. 1913, p. 515.) Various amendments have from time to time been made in the original act, and as in force at the times herein mentioned will be found in volume 1 of Laws of 1931 at page 1137 thereof, the last amendment thereof having been enacted in 1931. (Stats. 1931, chap. 827.)

Among the points raised by the appellant for the reversal of said judgment is that the action was prematurely brought in that the respondent failed to comply with the provisions of section 19 of said act before instituting this action. This section of the act, in so far as material to our present purpose, provides: "In all cases of controversy arising under this act the parties involved shall refer the matter in dispute to the commissioner of labor, who shall hear and determine the same subject to an appeal within ten days to the Superior Court where the same shall be heard *de novo.*" It is conceded that the respondent did not, before commencing this action, refer "the matter in dispute" to the commissioner of labor, and consequently that official made no determination of said matter before this action was commenced. Therefore if this section of said act is a valid legislative act the point made by appellant that this action was prematurely brought must be sustained. ■ The labor commissioner is a purely administrative officer with state-wide authority and possesses no judicial powers, and it is now definitely settled in this state that a writ of *certiorari* may not issue out of the courts of this state to review the acts of an official or board exercising state-wide administrative powers. (*Standard Oil Co.* v. *State Board of Equalization,* 6 Cal. (2d) 557 [59 Pac. (2d) 119].) ■ It has been frequently held that a statute providing for an appeal from an official or board possessing only administrative powers to the superior court is unconstitutional. (*Chinn* v. *Superior Court,* 156 Cal. 478 [105 Pac. 580]; *Inglin* v. *Hoppin,* 156 Cal. 483, 491 [105 Pac. 582]; *Mojave River Irr. Dist.* v. *Superior Court,* 202 Cal. 717, 724 [262 Pac. 724]; *Mill* v. *Alderson,* 63 Cal. App. 518, 532 [219 Pac. 469].) If, fore, the provision of section 19 of said act quoted pro for nothing more than a simple appeal from the determinat. of the labor commissioner to superior court it must be held to be violative of the constitutional provision defining the appellate jurisdiction of the courts of the state. But it will be noted that the provision in question provides for a hearing *de novo* in the superior court after the matter has been "ap-

pealed" to that court. A hearing *de novo* literally means a new hearing, or a hearing the second time. (18 Cor. Jur. 486.) Such a hearing contemplates an entire trial of the controversial matter in the same manner in which the same was originally heard. It is in no sense a review of the hearing previously held, but is a complete trial of the controversy, the same as if no previous hearing had ever been held. It differs, therefore, from an ordinary appeal from an inferior to an appellate body where the proceedings of the hearing in the inferior court are reviewed and their validity determined by the reviewing court. A hearing *de novo* therefore is nothing more nor less than a trial of the controverted matter by the court in which it is held. The decision therein is binding upon the parties thereto and takes the place of and completely nullifies the former determination of the matter. It is in a sense and is in fact a trial of the controversy in a court of law. It is in this sense that the language of section 19, quoted above, was intended to be understood. As thus construed, the section simply gives to the party dissatisfied with the determination of the labor commissioner a hearing of the matter submitted to the labor commissioner before the superior court. The court hears the matter, not as an appellate court, but as a court of original jurisdiction, with full power to hear and determine it as if it had never been before the labor commissioner. The act does not, therefore, in fact or in law confer appellate jurisdiction upon the superior court, but does provide a legal forum where either party to the controversy, in case he is dissatisfied with the determination of the labor commissioner, may have his rights adjudicated. This provision of the act does not, in our opinion, contravene any provision of our state Constitution fixing and defining the appellate jurisdiction of the superior courts.

The respondent further questions the validity of the provision of the act in that in effect it compels parties to a contract coming within the provisions thereof to first submit the controversy to the determination of the labor commissioner before resorting to the courts for relief. As we have shown above, the determination of the labor commissioner upon matters submitted to him is in no sense final or binding upon the parties as an adjudication of their rights. Either party may thereafter resort to the courts and there have their rights determined by a final judgment. The requirement in ques-

tion is simply an administrative measure, due to the peculiar and unusual nature of the business carried on by private employment agencies. The abuses which have grown up in this line of business have long been recognized and have been subject to both legislative action and judicial decision. It has now become definitely settled that statutes regulating employment agencies fall within the police power of the state. (*People* v. *Warden*, 183 N. Y. 223 [76 N. E. 11, 5 Ann. Cas. 325, 2 L. R. A. (N. S.) 859], *Brazee* v. *Michigan*, 241 U. S. 340 [36 Sup. Ct. 561, 60 L. Ed. 1034], *People* v. *Brazee*, 183 Mich. 259, 266 [149 N. W. 1053, L. R. A. 1916E, 1146], and *Williams* v. *Fears*, 179 U. S. 270 [21 Sup. Ct. 128, 45 L. Ed. 186].) As the determination of the labor commissioner is not a final determination of the matter submitted to him, it cannot be said that the statute attempts to invest in that administrative official the right to exercise any judicial function. While a statute which makes the decision of arbitrators, or of an administrative officer, final and conclusive may not be sustained, "if the statute gives to the parties the further right to appeal, or other procedure to carry the case before a regular judicial tribunal and have the issues there tried, it does not operate to deprive the parties of any constitutional right and is therefore valid". (5 Cor. Jur. 17, sec. 2.)

The provision of section 19 of the Private Employment Agency Law providing for a reference to the labor commissioner of controversies arising under said act for hearing and determination by such official being a valid legislative enactment, any action brought in the superior court without first making said reference and securing said determination is prematurely brought and cannot be maintained. (*Clogston* v. *Schiff-Lang Co.*, 2 Cal. (2d) 414 [41 Pac. (2d) 555].)

While there are other points raised by the appellant, in view of our decision of the question just discussed, it is not necessary to give them any consideration.

The judgment is reversed.

Langdon, J., Shenk, J., Edmonds, J., and Seawell, J., concurred.

Rehearing denied.