[Civ. No. 11665.  Second Appellate District, Division Two.—February 2, 1938.]

LOUIS FRIEDLANDER, Respondent, v. STANLEY PRODUCTIONS, INC. (a Corporation), Defendant; STANLEY BERGERMAN, INC. (a Corporation), Appellant.

678

Swarts & Tannenbaum and Lloyd Taraday for Appellant.

Leo L. Schaumer, as *Amici Curiae,* on Behalf of Appellant.

Golden & Kaufman, Milton M. Golden and Arthur V. Kaufman for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the plaintiff in an action for declaratory relief, the complaint alleging that a certain contract between the parties was canceled and that the plaintiff was under no contractual obligation to the defendant by virtue of said agreement.

For several years plaintiff had been employed by Universal Pictures Corporation as a director. During no part of said time did he have a personal representative or manager until he entered into the contract hereinafter referred to on January 29, 1936. On that date the plaintiff and defendants entered into an agreement by the terms of which the plaintiff employed the defendants to act as his personal representative and manager for a period of seven years in consideration of the sum of ten per cent of all money or things of value received by plaintiff. By the terms of said contract the defendants were to use their best efforts to further the professional interests of the plaintiff in motion pictures, radio, television, stage and in general. The contract further provided that should the plaintiff fail to obtain a *bona fide* offer of employment from a responsible employer during a period in excess of four consecutive months, during all of

which time plaintiff was ready, able and willing to accept employment, either party had the right to terminate the contract by notice in writing. The contract contained a further provision that, ''Controversies arising between us under the private employment agency act, and under the rules and regulations for the enforcement thereof, shall be referred to the Commissioner of Labor as provided in Section 19 of said Act.''

During the term of the agreement plaintiff made numerous demands upon defendants that they expend greater efforts in his behalf in securing him other employment, and being dissatisfied with their efforts the plaintiff on June 1, 1936, discharged the defendants by letter. After the defendants had been discharged they continued to claim rights under the agreement, and thereupon plaintiff filed his complaint for declaratory relief. The complaint alleged, among other things, that the defendants had failed to use their best efforts to further the professional interests of the plaintiff and had failed to obtain a *bona fide* offer of employment from a responsible employer for a period of four months. The trial court found that the defendants did not use their best efforts to further plaintiff's professional interests and that the defendants failed to obtain for plaintiff a *bona fide* offer of employment during a period in excess of four consecutive months, during which time plaintiff was ready, willing and able to accept employment, and that the plaintiff canceled and rescinded the contract on June 1, 1936, and that the contract has ever since that date not been of any force and effect, and also the court found in favor of defendants for balance of commissions due up to that date in the sum of $150, and entered judgment accordingly.

The first and primary contention of the defendants is that the action was prematurely brought and cannot be maintained because of the failure of plaintiff to allege and prove that the controversy in this action had been submitted to the commissioner of labor as required by section 19 of the so-called Private Employment Agency Law. (Stats. 1931, chap. 827.)

The defendants rely upon the case of *Collier & Wallis, Ltd.,* v. *Mary Astor,* 9 Cal. (2d) 202 [70 Pac. (2d) 171]. That case is not in point for the reason that it was tried and decided upon the assumption by all parties that the contract of employment was still in force and effect, and it does not

appear that the nonexistence of the contract or its termination was involved in any way.

The instant action was brought upon the contention that the contract of employment had been canceled and terminated. If the contract had been terminated, then the arbitration provision was inoperative.

A case more nearly in point is that of *Hanes* v. *Coffee*, 212 Cal. 777 [300 Pac. 963], wherein contention was made that the controversy should have been arbitrated under the terms of an agreement which read as follows: ''Should the parties hereto not agree as to any question of fact affecting the rights of the parties hereto, such difference shall be settled by arbitration, each party to appoint an arbitrator, and they to appoint a third arbitrator, and the written findings of any two arbitrators to be binding on the parties hereto.'' In denying the right to arbitration the Supreme Court said, ''Conceding that this provision would be enforceable under our statutes, we do not think that it is applicable to the present controversy, in which the lessor contends that by reason of failure of the lessee to commence operations within the specified period, the lease never became operative, or if it did, is now terminated. The provision clearly does not contemplate that this question shall be submitted to arbitration, since if the allegations of plaintiff's complaint are sustained, the result is that the lease, including the arbitration provision, is wholly inoperative, and the lessee can claim no rights thereunder.''

The next contentions of the defendants are, first, that the court erred in finding that plaintiff was ready, willing and able for upwards of the period of four months to accept employment, and second, that the defendants did not use their best efforts to further the professional interests of plaintiff. In our view of the record there is substantial evidence, along with the inferences which may reasonably be drawn therefrom, to sustain each of said findings, and we refrain from further comment thereon.

The final contention of the defendants is that the court erred in the admission of testimony over the objections of defendants. We see no reversible error in these contentions.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1938. Langdon, J., voted for a hearing.