[Civ. No. 13699. Second Dist., Div. Three. Apr. 6, 1943.]

ABRAHAM LEHR, INC., (a Corporation), Appellant, v. STANLEY CORTEZ, Respondent.

Loeb & Loeb and Norman Newmark for Appellant.

Sam Wolf and Leo Shapiro for Respondent.

BISHOP, J. pro tem.—It was error to enter a judgment dismissing plaintiff's amended complaint, even though it appeared that plaintiff's cause of action arose in connection with an employment agency contract and it did not appear that plaintiff had referred its controversy with the defendant to the State Labor Commissioner before appealing to the superior court for relief.

The contention of the defendant in support of the judgment is that this action was prematurely brought because there had been no prior compliance with the first sentence of section 1647, Labor Code, which reads: "In all cases of controversy arising under this chapter the parties involved shall refer the matters in dispute to the Labor Commissioner, who shall hear and determine the same, subject to appeal within ten days after determination, to the superior court where the same shall be heard de novo." The chapter referred to is a codification, with quite a few changes, of an act regulating private employment agencies, (Stats. 1913, p. 515, Act 2349, Deering's General Laws, 1931), and consists of sections 1550 to 1649, inclusive, of the Labor Code. Section 1647, Labor Code, was, with some minor modifications, formerly a part of section 19 of the act

referred to. The problem thus presented for our decision is whether the amended complaint stated any cause of action *not* presenting a "controversy arising under this chapter," for if there was one such cause, the trial court should not have denied the plaintiff all relief.

The amended complaint is divided into three counts, but upon examination only two causes of action are discovered; the third count is but a restatement of the two causes of action already separately stated, one in each of the first two counts. These first two counts contain certain elements in common. It appears, in each, that the plaintiff corporation was licensed to engage in the business of conducting a motion picture employment agency, and that the defendant was a motion picture cameraman. In April, 1941, the plaintiff and the defendant entered into a written contract whereby the former was to be the latter's "sole and personal representative . . . for a period of seven years." It was "to assist defendant in negotiating for the procuring of employment." The defendant in turn agreed to pay the plaintiff ten per cent of all compensation earned by the defendant during the term of the contract. Then it is alleged that the plaintiff has duly performed all the conditions on its part to be performed.

At this point counts one and two set out on separate paths, each developing its own cause of action. In the first count the fact appears that in June and August of 1941 the defendant earned and received a total of $3,800. The first count then concludes with the statement that in November the defendant "wrongfully and without cause discharged plaintiff from its said employment" and has failed to pay the $380 which had accrued under the contract.

The second cause of action also sets up the discharge, made wrongfully and without cause, and continues with the allegations that the defendant's reasonably expected earnings during the balance of the contract's life would have been not less than $120,000, so that his discharge of the plaintiff damaged the latter in the sum of $12,000.

The boundary line of the field described by the words "all cases of controversy arising under this chapter" has not yet been completely surveyed, but two monuments have been erected: the cases of *Collier & Wallis, Ltd.* v *Astor,* (1937) 9 Cal.2d 202 [70 P.2d 171] and *Friedlander* v. *Stanley Productions, Inc.,* (1938) 24 Cal.App.2d 677 [76 P.2d 145]. An examination of the file of the first of these cases reveals that the plaintiffs there, just as in the first cause of action here, was

suing to recover an unpaid portion of ten per cent of compensation that had been received by the defendant and which ten per cent, the plaintiff contended, was due it under an employment agency contract. The Supreme Court held that the action was prematurely brought and could not be maintained, solely because there had been no reference of the matters in dispute to the Commissioner of Labor as then required by section 19 of the act regulating private employment agencies.

The second case we cited, that of *Friedlander* v. *Stanley Productions, Inc.,* (1938) 24 Cal.App.2d 677 [76 P.2d 145], also had to do with an employment agency contract, and the defendant contended that plaintiff's failure to refer the controversy to the Labor Commissioner before instituting the action was fatal to its maintenance. The action, it should be noted, was not to recover a sum allegedly due under the contract, but was one seeking a declaratory judgment that the contract had been cancelled by the plaintiff for cause. The contention that it was prematurely brought, because not first referred, was held to be unsound (the Supreme Court denying a hearing) and of the *Collier & Wallis, Ltd.* case the court said (p. 679) : ''That case is not in point for the reason that it was tried and decided upon the assumption by all parties that the contract of employment was still in force and effect, and it does not appear that the nonexistence of the contract or its termination was involved in any way.'' Later, referring to the contract involved in its own case, the Friedlander opinion stated: ''If the contract had been terminated, then the arbitration provision was inoperative.'' ''A case more nearly in point,'' the opinion continued, ''is that of *Hanes* v. *Coffee,* 212 Cal. 777 [300 P. 963].''

In the case of *Hanes* v. *Coffee,* the plaintiff sought and obtained a judgment quieting its title to property that had been leased to the defendant for the drilling of oil, the basis of his recovery being that the defendant's failure to commence operations within two years lost him his interest in the property. The Supreme Court disposed of the defense that the lease contained a provision for arbitration ''should the parties hereto not agree as to any question of fact affecting the rights of the parties hereto,'' by making this statement, quoted in the Friedlander opinion at p. 680: '' 'Conceding that this provision would be enforceable under our statutes, we do not think that it is applicable to the present controversy, in which the lessor contends that by reason of failure of the lessee to commence operations within the specified period, the lease never became operative, or if it did, is now terminated. The provision clearly does not

contemplate that this question shall be submitted to arbitration, since if the allegations of plaintiff's complaint are sustained, the result is that the lease, including the arbitration provision, is wholly inoperative, and the lessee can claim no rights thereunder.' '' A similar conclusion was reached in *Johnson* v. *Atkins,* (1942) 53 Cal.App.2d 430 [127 P.2d 1027], where, at page 434, the Hanes and Friedlander cases were cited in support of the conclusion: "the frustration of the purpose of the contract left nothing to arbitrate under it."

We conclude from these cases, first, that our first cause of action, identical with that found in the Collier & Wallis, Ltd. case, presented a controversy "arising under this chapter," and that an action upon it may not be maintained because the matters in dispute have not been referred to the Labor Commissioner. Were the necessity for the reference contractual, a termination of the contract might be said to end the necessity, but as it arises from statute, even the termination of the contract does not put an end to the requirement that matters in controversy be first referred to the Labor Commissioner.

Secondly, we conclude that an action for damages, based on the theory that the contract is no longer operative, does not present a controversy arising under sections 1550-1649 of the Labor Code. If the contention were that by a term of plaintiff's contract the questions involved had first to be arbitrated, the cases already referred to justify the conclusion that under the facts of the second cause of action, the contract is at an end, as an operative contract, and the arbitration provision would also be ended. By analogy, it appears from the Friedlander case, that if the contract is no longer operative, the problems that arise as a consequence do not constitute controversies covered by section 1647, Labor Code. That the contract is no longer operative, that it is at an end for all purposes save as a basis for plaintiff's action for damages, seems clearly to be the theory and effect of plaintiff's second, and in part his third, cause of action. This quotation, made in *Sobelman* v. *Maier,* (1927) 203 Cal. 1, 9 [262 P. 1087, 1090], from an earlier case, reappears in *King Features Syndicate* v. *K M T R Radio Corp.,* (1938) 29 Cal.App.2d 247 [84 P.2d 322], beginning at page 248: '' ' "One who has been injured by a breach of contract has an election to pursue

any of three remedies. He may treat the contract as rescinded and may recover upon a *quantum meruit* so far as he has performed; or he may keep the contract alive for the benefit of both parties, being at all times ready and able to perform; or third, he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing." ... ' ... 'Upon the election ... the rights of the parties are to be regarded as then culminating, and the contractual relation ceases to exist, except for the purpose of maintaining the action for the recovery of damages.' " This further quotation follows from *Alderson* v. *Houston*, (1908) 154 Cal. 1, 12 [98 P. 884]: " ' ... Upon the election to treat the renunciation, whether by declaration or by acts and conduct, as a breach of the contract, the rights of the parties are to be regarded as then culminating, and the contractual relation ceases to exist, except for the purpose of maintaining the action for the recovery of damages. ...' " See, also, *Atkinson* v. *District Bond Co.*, (1935) 5 Cal.App.2d 738, 743 [43 P.2d 867] and *Big Boy D. Corp., Ltd.* v. *Etheridge*, (1941) 44 Cal.App. 114, 117 [111 P.2d 953].

In neither of the first two cases cited by us was the scope of the words "cases of controversy arising under this act" expressly considered. Should those words be given an interpretation limiting them to controversies respecting the relative rights and duties of employment agencies and those with whom they deal, as imposed by the provisions of act 2349, *supra*, or now by sections 1550 to 1649 of the Labor Code, our conclusion respecting plaintiff's second cause of action would be fortified; nowhere in those sections do we find the subject matter of a principal's wrongful discharge of his employing agent referred to directly or indirectly.

The judgment of dismissal is therefore reversed, with directions to the trial court to overrule the demurrer as to plaintiff's second and third causes of action.

Desmond, P. J., and Shinn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 3, 1943. Shenk, J., and Curtis, J., voted for a hearing.