[L. A. No. 20909. In Bank. May 20, 1949.]

HENRY GARSON, Respondent, v. DIVISION OF LABOR LAW ENFORCEMENT et al., Appellants.

Edward M. Belasco and Pauline Nightingale for Appellants.

Sanford I. Carter and Philip N. Krasne for Respondent.

Gang, Kopp & Tyre as Amicus Curiae.

CARTER, J.—This is an appeal from a judgment granting a writ of mandate commanding the defendants, State Division of Labor Law Enforcement of the Department of Industrial Relations and the State Labor Commissioner, to sustain a demurrer to and dismiss a proceeding pending before them.

James L. Saphier, referred to as an employment agent and artists' manager, was engaged in the employment agency business. A dispute having arisen between him and plaintiff, a writer, for whom Saphier was to obtain employment, the latter filed an application with the Labor Commissioner to have that dispute settled. Therein he purported to allege two causes of action. In the first, he charged that on December 1, 1945, he and plaintiff entered into an oral agreement for the employment of Saphier by plaintiff to obtain employment for the latter for a commission of 10 per cent of the earnings received by plaintiff. Saphier rendered services under that agreement and obtained employment for plaintiff to July 1, 1947, and plaintiff paid the 10 per cent commission to September 25, 1946. On October 12, 1946, plaintiff, without cause, discharged Saphier in violation of the agreement, and the latter claims commissions on the compensation thereafter received by plaintiff. In the second, Saphier claims that on May 22, 1942, plaintiff employed him for five years by written contract; that the parties were released from that contract by a writing dated August 15, 1945. In that writing it was provided that the 1942 agreement should continue as to certain named employment procured for plaintiff; that as to compensation received up to May 22, 1947, the commission was to be 5 per cent; and that as to other phases of the 1942 contract, the parties were released. There is thus presented the question of the rights of the parties under the written contract of 1942, the oral agreement of 1945, and the effect, if any, on each of the written contract of August 15, 1945, all of which embrace a dispute between the parties as to the liability for commissions under an employment agency arrangement.

Plaintiff demurred to the foregoing application and moved to dismiss it upon the ground that the Labor Commissioner was without jurisdiction to determine the issues presented by the application. The demurrer was overruled and motion denied. The superior court, in the instant action, decided that the commissioner lacked jurisdiction and ordered a writ of mandate to compel him to dismiss the proceeding.

■ It is clear from the whole tenor of the employment agency statute (Lab. Code, §§ 1550-1663) that there is conferred upon the Labor Commissioner the power to determine disputes between an employment agency and the applicant, who requests the services of such agency to find employment for him, in regard to the commissions or fees payable by the

applicant for services performed by the agency. Generally speaking, an employment agency is any person or corporation engaged in the business of finding positions or employment. Particular mention is made of "artists' managers," "theatrical employment agencies" and "motion picture employment agencies." The statute establishes a complete system of regulation and licensing of employment agencies. (Lab. Code, §§ 1550-1663.) Such agency must deposit a $1,000 bond as assurance that it will comply with the law and pay all sums due to applicants ("applicants" as used herein refers to those seeking and obtaining the services of the agency in obtaining employment for them), and damages for fraud (Lab. Code, §§ 1589-1590), and an applicant may bring an action in court on the bond (*Id.*, § 1620). The agency's license may be revoked for cause. (*Id.*, § 1596.) The agency must give to the applicant a contract and detailed provisions are made for its contents, such as name of agency, name of prospective employer, amount of fee to be paid agency, and all other terms agreed upon by the parties. (*Id.*, §§ 1624, 1630, 1644.) It is to be signed by both parties (*Id.*, § 1627), and forms thereof used by the agency must be approved by the commissioner. (*Id.*, § 1628.) The agency must agree therein "to refer any controversy between the applicant and the employment agency regarding the terms of the contract to the Labor Commissioner for adjustment." The agency must file and post a schedule of its fees. (*Id.*, § 1631.) It is expressly provided: "In all cases of controversy arising under this chapter the parties involved shall refer the matters in dispute to the Labor Commissioner, who shall hear and determine the same, subject to appeal within ten days after determination, to the superior court where the same shall be heard de novo. To stay any award for money, the party aggrieved shall execute a bond approved by the superior court in a sum not exceeding twice the amount of the judgment. In all other cases the bond shall be in a sum of not less than one thousand dollars and approved by the superior court." (*Id.*, § 1647.) It is further provided that, notwithstanding section 1280 of the Code of Civil Procedure (dealing generally with arbitration), and section 1647 of the Labor Code above quoted, and section 1626 of the Labor Code requiring the agency to provide in the contract that matters will be submitted to the commissioner, the parties may have a provision in their contract "providing for the decision by arbitration of any controversy under the contract or as to its existence, validity, construction, performance, nonperform-

ance, breach, operation, continuance, or termination. . . .: (a) If the provision is contained in a contract between an employment agency and a person for whom such employment agency under the contract undertakes to endeavor to secure employment, (b) If the provision is inserted in the contract pursuant to any rule, regulation, or contract of a bona fide labor union regulating the relations of its members to an employment agency, (c) If the contract provides for reasonable notice to the Labor Commissioner of the time and place of all arbitration hearings, and (d) If the contract provides that the Labor Commissioner or his authorized representative has the right to attend all arbitration hearings.

"Except as otherwise provided in this section, any such arbitration shall be governed by the provisions of Title X of Part III of the Code of Civil Procedure.

"If there is such an arbitration provision in such a contract, the contract need not provide that the employment agency agrees to refer any controversy between the applicant and the employment agency regarding the terms of the contract to the Labor Commissioner for adjustment, and section 1647 shall not apply to controversies pertaining to the contract." (*Id.*, § 1647.5.) It is a reasonable implication from this section that the general policy is to give comprehensive powers of determination in disputes between the agency and applicant in regard to commissions or fees and their contracts. They may provide in their contract for a broad and inclusive arbitration and it should follow that similar broad powers are granted to the commissioner to settle disputes where the parties do not provide for arbitration as contemplated by section 1647.5.

In harmony with the plain purport of the above statutory provisions, it has been held that, under the statute, controversies between the applicant and an agency in regard to commissions or fees payable under the contract should be first submitted to and decided by the Labor Commissioner. (*Collier & Wallis, Ltd.* v. *Astor,* 9 Cal.2d 202 [70 P.2d 171] ; *Abraham Lehr, Inc.* v. *Cortez,* 57 Cal.App.2d 973 [135 P.2d 684] ; see *Friedlander* v. *Stanley Productions,* 24 Cal.App.2d 677 [76 P.2d 145].) And the authority granted the commissioner has been held valid inasmuch as the provisions of section 1647 of the Labor Code, *supra,* are interpreted as authorizing a complete new hearing in the superior court after an adverse decision by the commissioner. (*Collier & Wallis, Ltd.* v. *Astor, supra.*)

It is urged, however, that where, as here, the proceeding is not alone to recover for commissions or fees claimed to be due under an agency contract, but is also for damages for breach of the contract based upon the wrongful discharge of the agency by the applicant, and a question of which contract controls, the commissioner has no jurisdiction for the reason that the contract no longer exists. The cases, *Abraham Lehr,. Inc.* v. *Cortez, supra,* and *Friedlander* v. *Stanley Productions,. supra* [*cf., Warner* v. *Marchetti,* 52 Cal.App.2d 172 [125, P.2d 838] ; *Haldor, Inc.* v. *Beebe,* 72 Cal.App.2d 357 [164 P.2d 568]], so hold. On the other hand, the facts in the *Collier & Wallis, Ltd.* v. *Astor, supra,* presented a case of damages for breach of contract arising from a wrongful discharge of the agency. While the point of distinction made in the Lehr and Friedlander cases was not discussed by this court in that case, the result of the decision was that no such distinction existed. The Lehr and Friedlander cases were based upon *Hanes* v. *Coffee,* 212 Cal. 777 [300 P. 963]. (See, also, *Loving & Evans* v. *Blick, ante,* p. 606 [204 P.2d 23] ; *Silva* v. *Mercier, ante,* p. 704 [204 P.2d 609] ; *Johnson* v. *Atkins,* 53 Cal.App.2d 430 [127 P.2d 1027] ; *Stetson* v. *Orland Oil Syndicate, Ltd.,* 42 Cal.App.2d 139 [108 P.2d 463].) The Hanes case did not involve an agency contract nor the powers of the Labor Commissioner. It was concerned with a lease having an arbitration clause to the effect that any questions of fact affecting the rights of the parties under the lease should be settled by arbitration. The lessor in his court action contended that by reason of the failure of the lessee to commence operations under the lease within the time limited, it never became operative, or, if it did, it was terminated. The court held that the arbitration clause did not embrace such a controversy for if the lessor's contentions were sustained there would be no lease and thus no arbitration clause.

We do not believe that this case should be controlled by the Hanes case or those cited as supporting its holding (*supra*). The scope of the power of the Labor Commissioner to settle disputes between an agency and applicant relating to their dealings with reference to the former obtaining employment for the latter is broader than that of the arbitrator involved in those cases.

It is apparent from the wording of the statute, the policy expressed thereby, and the practicalities of the situation, that the Labor Commissioner is given power to settle all disputes

between the agency and applicant arising from their dealings with each other with respect to the agency-applicant relationship embraced within the Labor Code provisions regulating employment agencies. As we have seen, the statute is broad and comprehensive and it is indicated by sections 1647 and 1647.5 (*supra*), in permitting an alternative to a hearing by the commissioner and the other provisions, that the commissioner is empowered to hear and determine all such disputes including the existence of the contract, termination, liability thereunder and the like. To hold to the contrary might mean· that there would be a splitting of the dispute arising out of one transaction whereby a court would hear and determine a part of the issues involved, and the commissioner another, such as where damages are claimed for a wrongful discharge as well as commissions claimed to be due before the wrongful discharge. The creation of such an anomalous situation should not be said to have been the legislative intent.

Therefore, to carry out the policy and purpose of the Labor Code provisions, it requires the conclusion that the construction given to an arbitration clause in *Hanes* v. *Coffee, supra,* should not be applied to the Labor Code provisions here examined. Therefore, *Abraham Lehr, Inc.* v. *Cortez, supra,* and *Friedlander* v. *Stanley Productions, supra,* insofar as they are in conflict with the holding herein, are disapproved.

The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.