[Civ. No. 21288. Second Dist., Div. One. Oct. 3, 1956.]

LOREN BESS et al., Respondents, v. EDWARD P. PARK, as Labor Commissioner, etc., Appellant.

Pauline Nightingale, Leon H. Berger and Leon E. Gold for Appellant.

Edmond Gattone for Respondents.

WHITE, P. J.—This action was commenced by four employment agencies licensed by the Labor Commissioner of the State of California to have declared invalid and void the rules and regulations governing the procedure for hearing and determining controversies between employment agencies and applicants required to be submitted to the Labor Commissioner under the provisions of section 1647 of the Labor Code, and to restrain the Labor Commissioner from enforcing and administering these rules.

The Labor Commissioner has appealed from the judgment rendered, permanently enjoining and restraining him and his assistants, deputies, officers, agents, clerks, servants, employees and attorneys, from enforcing and administering against the plaintiffs section 1647 of the Labor Code and sections 11976 to 11983, both included, of title 8 of the California Administrative Code; declaring that each of said sections of the Administrative Code is void and without legal force and effect, inconsistent with the Labor Code, beyond the statutory authority conferred upon the Labor Commissioner; that said sections are "not uniform in their requirements or operation and constitute an abuse of administrative discretion and upon the further ground that said sections are promulgated as rules of procedure in furtherance of Section 1647 of the Labor Code which said section of the Labor Code is unconstitutional and void";

"That it is declared that Section 1647 of the Labor Code is void for uncertainty: (a) in that what may or may not be classed as controversy within the provisions of Division II, Part 6, Chapter 1 of the Labor Code is not stated or defined therein; (b) in that it is uncertain whether that Section of the Labor Code requires that both parties must join together in submitting the controversy or else it cannot be submitted, nor action or hearing thereon had; (c) in that if it was intended that either party might act individually that section of the Labor Code fails to say so; (d) in that if either party may initiate the submission of a controversy there is no provision requiring him or the Labor Commissioner to give notice to the adverse party and therefore said section of the Labor Code is in violation of Article I, Section 13, of the Constitution of the State of California and of Amendment 14, Section 1 of the Constitution of the United States and the enforcement of said section of the Labor Code constitutes a denial of due process of law.

"That it is declared that the failure of an applicant for employment to pay the employment agency an undisputed fee does not constitute a controversy to be determined by the Labor Commissioner within the provisions of Division II, Part 6, Chapter 1 of the Labor Code and it is further declared that the employment agency is not required as a condition precedent to the enforcement of collection of said undisputed fee to procure from the Labor Commissioner a certification that no controversy exists."

If, as concluded by the trial court, section 1647 of the Labor

Code "constitutes a denial of due process of law" and is unconstitutional, then the judgment must be affirmed. We will, therefore, first consider that question. Said section 1647 provides:

"In all cases of controversy arising under this chapter the parties involved shall refer the matters in dispute to the Labor Commissioner, who shall hear and determine the same, subject to an appeal within ten days after determination, to the superior court where the same shall be heard de novo. To stay any award for money, the party aggrieved shall execute a bond approved by the superior court in a sum not exceeding twice the amount of the judgment. In all other cases the bond shall be in a sum of not less than one thousand dollars ($1,000) and approved by the superior court.

"The Labor Commissioner may certify that there is no controversy within the meaning of this section, where the agency presents substantial evidence that the applicant acknowledges the fee to be due."

Appellant Labor Commissioner contends that the Supreme Court has affirmed the constitutionality of section 1647 of the Labor Code by its decisions in *Collier & Wallis, Ltd.* v. *Astor,* 9 Cal.2d 202, 205-206 [70 P.2d 171]; *Garson* v. *Division of Labor Law Enforcement,* 33 Cal.2d 861, 864-865 [206 P.2d 368]; and *Robinson* v. *Superior Court,* 35 Cal.2d 379, 388 [218 P.2d 10]; and therefore, the judgment to the contrary in the instant action is erroneous.

In *Collier & Wallis, Ltd.* v. *Astor, supra,* the judgment in favor of an employment agency was reversed for the reason that the controversy had not been referred to the Labor Commissioner before the action was filed in court. Therein, the provision of said section 1647 for an appeal to superior court after the determination by the Labor Commissioner is attacked, and, at pages 205 and 206, the Supreme Court held that said section does not attempt to invest in the Labor Commissioner the right to exercise any judicial function; and, since said section provides for a trial de novo in the Superior Court, it does not "contravene any provision of our State Constitution fixing and defining the appellate jurisdiction of the Superior Court."

*Collier & Wallis, Ltd.* v. *Astor, supra,* is not determinative of any questions as to the constitutionality of said statute, other than the questions therein discussed. (*Oakland Pav. Co.*

v. *Whittell Realty Co.*, 185 Cal. 113, 119-120 [195 P. 1058];
*Worthley* v. *Worthley*, 44 Cal.2d 465, 471-472 [283 P.2d 23].)
No constitutional questions were decided in the Garson and
Robinson cases, *supra.*

In the instant action, the trial court determined that section
1647 of the Labor Code violates the state and federal Con-
stitutions because it contains no provision requiring either
party to give notice to the adverse party, and said action
''constitutes a denial of due process of law.'' No decision on
this point has been cited or found by us.

As said by Justice Schauer, speaking for the court in
*In re Porterfield,* 28 Cal.2d 91, 103 [168 P.2d 706, 167 A.L.R.
675] : ''We unequivocally recognize and affirm that it is the
duty of courts to be most vigilant and vigorous in protecting
individuals, as well as minority and majority groups, against
encroachment upon their fundamental liberties. Those free-
doms are vastly more consequential than any object to be
attained by business or professional regulations and the in-
tegrity of the former is not to be compromised to save the
latter. It is a general rule, also, that the power of the courts,
from its very nature, must be exercised with the utmost cau-
tion. Laws are enacted by and for the people. The people
have a right of experimentation, of evolution through trial
and error. Constitutionality of purpose and application is
generally to be presumed. It has often been said that it is
only when it clearly appears that an ordinance or statute
passes definitely beyond the limits which bound the police
power and infringes upon rights secured by the fundamental
law, that it should be declared void. (Cases cited.)

''The choice, then, which the courts must make—'to say
where the individual's freedom ends and the State's power
begins'—is a delicate one. . . .''

Appellant urges that, since section 1647 provides for hear-
ing by the Labor Commissioner and does not expressly negative
the requirement for notice, the requirement for reasonable
notice will be implied, as in *Carroll* v. *California Horse Racing
Board,* 16 Cal.2d 164 [105 P.2d 110]; *Fascination, Inc.* v.
*Hoover,* 39 Cal.2d 260, 271 [246 P.2d 656]; *Keenan* v. *San
Francisco Unified School Dist.*, 34 Cal.2d 708, 714 [214 P.2d
382]; *Ratliff* v. *Lampton,* 32 Cal.2d 226, 233 [195 P.2d 792,
10 A.L.R.2d 826], and *McDonough* v. *Goodcell,* 13 Cal.2d
741, 751 [91 P.2d 1035, 123 A.L.R. 1205]. The respondents
contend that the decisions just cited do not apply in the
instant action because here the actual taking of property

and not merely the refusal to issue or the revocation of a license or the dismissal from public employment is involved.

In their brief, respondents state that "in the case at bar, the statute itself must expressly provide for notice and hearing and failing to do so it falls within the constitutional proscription of the due process clauses of the State and Federal Constitutions." To support that statement, they cite and rely upon *Modern Loan Co.* v. *Police Court*, 12 Cal.App. 582, 586, 587 [108 P. 56]; *Re Grout*, 105 App.Div. 98 [93 N.Y. Supp. 711]; *Roller* v. *Holly*, 176 U.S. 398 [20 S.Ct. 410, 44 L. Ed. 520]. None of the last cited cases is applicable to the situation now engaging our attention. The Modern Loan Company case, *supra*, held a certain procedure for summary disposition of personal property taken by search-warrant was invalid. *Re Grout, supra*, involved a statute authorizing imprisonment for contempt because of a refusal to answer questions of the Comptroller of New York. In neither case did the statute provide for a hearing before the taking of the property or liberty. *Roller* v. *Holly, supra*, decided in 1900, holds that a Texas statute requiring only five days' notice to be given to any defendant residing anywhere in the world to appear in Texas and defend an action to foreclose a vendor's lien upon real property was unreasonable and violated the due process clause of the Constitution. See *Whitcomb* v. *Emerson*, 46 Cal.App.2d 263, 271 [115 P.2d 892], and *Carpenter* v. *Pacific Mut. L. Ins. Co.*, 10 Cal.2d 307, 335 [74 P.2d 761].

In our opinion, the provision of said section 1647 that the Labor Commissioner "shall hear and determine" the controversies between employment agencies and applicants implies the condition precedent that both parties shall be given reasonable notice and the opportunity to be heard. (*Carroll* v. *California Horse Racing Board, supra*.)

Section 1646 of the Labor Code provides that "The Labor Commissioner may promulgate rules and regulations, not inconsistent with this chapter for the purpose of enforcing and administering this chapter." The Administrative Procedure Act (Gov. Code, § 11370 et seq.) provides the methods and procedures for adopting such rules and regulations. It is not claimed that any of the rules and regulations hereafter discussed were not duly and regularly adopted after a fair hearing.

The trial court in the instant action has declared the sections of the Administrative Code, 11976 to 11983, both included, void.

Under the provisions of section 11978, the Labor Commissioner shall give to each of the parties notice of the time and place of the hearing for the determination of a controversy. The notice required to be given to the parties is by "ordinary mail; or the agency may serve personal notice in the manner prescribed by the Code of Civil Procedure for service of summons in a civil action, or may request the Labor Commissioner to make service by registered mail, the agency paying necessary costs. . . . Evidence that the party has received the notice of hearing must be established prior to or at the time of hearing."

■ The character of the notice required to constitute due process varies with the nature and purpose of the proceeding. (*People* v. *One 1941 Chrysler Sedan*, 81 Cal.App.2d 18, 34 [183 P.2d 368].) The notice in each case must be such that it is reasonably probable that the person proceeded against will learn of the proceeding and be given a reasonable opportunity to appear. Most of the hearings concerning fees earned by the agencies are requested by the agencies, in which cases the agencies are aware of the proceedings. In matters referred to the Labor Commissioner by applicants, there is no showing that the agencies have been in any way prejudiced by lack of notice or short notice.

■ Administrative rules and regulations are presumed to be reasonable in the absence of proof to the contrary and courts will not substitute their judgment for that of the administrative agency unless it is clearly shown that the regulation is so unreasonable as to be arbitrary or capricious, or in excess of the authority vested in the agency. (*Nelson* v. *Dean*, 27 Cal.2d 873, 881 [168 P.2d 16, 168 A.L.R. 467]; *Rible* v. *Hughes*, 24 Cal.2d 437, 445 [150 P.2d 455, 154 A.L.R. 137]; *Fillmore Union H. S. Dist.* v. *Cobb*, 5 Cal.2d 26, 33 [53 P.2d 349].) There is no showing that the regulations here assailed are either arbitrary or capricious.

Nor does the lack of a specification of the time which must elapse between the receipt of such notice and the hearing justify the court in substituting its judgment for that of the Legislature and the Labor Commission.

■ The fact that the employment agencies are required to remain at the address which is licensed by the commissioner (Lab. Code, §§ 1581, 1592, 1593 and 1594) and can be reached there by ordinary mail and by telephone, while the applicants involved in such hearings are usually, according to respondents' pleading and testimony, "migratory and financially irre-

sponsible,'' is reason enough for the Administrative Code's differing requirements for notice to them of hearings pursuant to said section 1647 of the Labor Code.

The trial court decided that section 1647 is void for uncertainty in that it cannot be ascertained therefrom whether both parties are required to join together in submitting the controversy. The section provides that ''the parties involved shall refer the matters in dispute.'' Since both the parties and the matters are plural, either alone may submit any controversy.

The trial court further decided that said section is uncertain as to ''what may or may not be classed as a controversy.'' Mr. Justice Carter, in 1949, speaking for the Supreme Court in *Garson* v. *Division of Labor Law Enforcement*, 33 Cal.2d 861, 866 [206 P.2d 368], said: ''As we have seen, the statute is broad and comprehensive and it is indicated . . . that the commissioner is empowered to hear and determine *all* such disputes including the existence of the contract, termination, liability thereunder and the like.'' (Emphasis added.) Section 11975 of the Administrative Code formerly provided that refusal or failure to pay a fee admitted by the applicant to be due the agency is not a controversy to be determined by the Labor Commissioner.

In 1953, the last paragraph of section 1647 was added, reading: ''The Labor Commissioner may certify that there is no controversy within the meaning of this section, where the agency presents substantial evidence that the applicant acknowledges the fee to be due.'' Thereafter, section 11975 was repealed and sections 11982 and 11983 were added to the Administrative Code. The new sections provide that the agency must submit a written request for such certification which shall include ''a statement as to the nature of the evidence showing the applicant acknowledges the fee to be due''; and the commissioner may so certify ''upon examination of evidence establishing to his satisfaction that the agency is entitled to the fee claimed, that the applicant has acknowledged the fee to be due, and that conditions have not changed since the time the acknowledgment was made.''

The apparent meaning of Labor Code, sections 1550-1663, and of section 1647 in particular, was determined in *Garson* v. *Division of Labor Law Enforcement, supra.* The first paragraph of said section 1647 was then the entire section and it remains the same. The paragraph added thereto is ambiguous.

If the Legislature intended by such added paragraph, as

believed by respondent and the trial court, to relieve the Labor Commissioner of the duty to hear and determine the liability of the applicant to the agency for fees agreed to be paid, it has not expressed that intention. ▮ Whether or not a controversy is "within the meaning" of the section is a question of law and cannot be finally determined by the Labor Commissioner. Certainly the Labor Commissioner could not certify even that the applicant acknowledges the fee to be due without a hearing at which the applicant is given an opportunity to controvert the evidence.

The purpose of the administrative proceedings here involved is to save time for the agency, the applicant, and the courts by having such controversies determined by a specialist, the Labor Commissioner. Most of the disputes referred to him for determination involve unpaid fees. If, at the hearing requested by the agency, he admitted only evidence that applicant had acknowledged the fee to be due, and certified "no controversy," the agency would then have to proceed by court action. When the matter came up for trial, if the court should find from the evidence produced that there is a controversy, the court would have to dismiss the actions as premature and the agency would have to again refer the matter to the Labor Commissioner. (*Collier & Wallis, Ltd.* v. *Astor, supra.*) We do not believe that is what was intended by the Legislature, nor have we been able to determine from the language of the last paragraph of said section 1647 what was intended. ▮ Therefore, we conclude that the last paragraph of said section is void for uncertainty.

Sections 11982 and 11983 which were adopted for the purpose of making said last paragraph effective can, therefore, serve no useful purpose.

However, section 1647, as it was before the amendment of 1953, remains in full force.

Sections 11979, 11980 and 11981 of the Administrative Code provide: that the Labor Commissioner "shall notify each of the parties in writing of his proposed determination"; that within 10 days after such notice "either party may file objections" thereto; that "upon receipt of the objections the Labor Commissioner shall review the record, and may cause an additional investigation to be made or hearing to be held"; and that "after expiration of the ten day period for filing objections, or after considering objections if such have been filed, the Labor Commissioner shall issue his determination."

▮ Said sections 11979, 11980 and 11981 are among those

covered by the injunction from which the Labor Commissioner has appealed. Respondents, in their brief, state that, since the initial hearing is presided over by a Deputy Labor Commissioner, whose proposed decision and file—in the event written objections are filed—is reviewed by the Assistant Labor Commissioner and sometimes by the legal staff and the Labor Commissioner, who personally makes the decision, such procedure is unconstitutional and void because "the one who decides must hear." The procedure here under consideration is not a denial of due process for the reason that either party may, after such determination, commence an action in the superior court and is there entitled to a complete trial de novo. ▮ As stated in *Hohreiter* v. *Garrison*, 81 Cal. App.2d 384, 402 [184 P.2d 323] : "Due process contemplates that somewhere along the line a fair trial be had—not that there be two or three fair trials."

▮ Insofar as the judgment appealed from holds that the last paragraph of section 1647 of the Labor Code and sections 11982 and 11983 of the Administrative Code are uncertain and therefore invalid, it is affirmed.

In all other respects, the judgment is reversed and the cause remanded with directions to the court below to amend its conclusions of law and render judgment in accordance with the views herein expressed.

Doran, J., and Fourt, J., concurred.

A petition for a rehearing was denied October 25, 1956, and respondents' petition for a hearing by the Supreme Court was denied November 28, 1956.