## Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 9116.   Apr. 23, 1957.]

ABC ACCEPTANCE (a Partnership), Appellant, v. JAMES G. DELBY, Respondent.

827

Saul C. Nadel for Appellant.

Pauline Nightingale and Leon H. Berger for Respondent.

Before Bishop, P. J., Swain, J., and Kauffman, J.

THE COURT.—Plaintiff sued for money claimed to be due on an account stated and for the same amount claimed to be due on a promissory note. On April 18, 1956, the attorneys for the respective parties stipulated that judgment be entered as prayed. On June 12, 1956, judgment was entered in accordance with the stipulation. On July 11, 1956, pursuant to a motion duly noticed, an order was entered which set aside the stipulation for judgment, vacated said judgment, quashed an order for appearance of judgment debtor, and at the same time judgment was entered dismissing the action. From this order and judgment the plaintiff appeals.

To clarify the facts, the parties stipulated in this court as follows: "That plaintiff's assignor, Aetna Personnel Agency, rendered service to the defendant as an employment agency, for which the said agency claimed a fee; that the promissory note set forth in the second cause of action of the complaint herein was executed by the defendant for the unpaid fee claimed by the said agency for the rendition of the said service, and the account stated in the first cause of action of the complaint is for an alleged oral promise by the defendant to the plaintiff's assignor to pay the said promissory note."

Appellant's position is set out in the affidavit of Saul C. Nadel, in opposition to the motion to set aside the first judgment: "That any obligation that may have existed regarding an employment agency fee was completely paid and discharged by the execution and delivery of the note upon which this action was based." ▮ The giving of such a note, in an attempt to circumvent the requirement that a controversy between an employment agency and its client must be submitted to the Labor Commissioner (Lab. Code, § 1647), is contrary to public policy. In *Lewis & Queen* v. *N. M. Ball Sons* (1957), 48 Cal.2d 141, the court said at page 148 [308 P.2d 713] : "The policy in favor of narrowing the issues in dispute, which normally confines the court to those made by the pleadings, and the policy of the parol evidence rule favoring the conclusiveness of integrated written agreements, both give way before the importance of discouraging illegal conduct. To this end, the trial court must be free to search out illegality

lying behind the forms in which the parties have cast the transaction to conceal such illegality.''

■ Furthermore, the February 1, 1956, memorandum of the Labor Commissioner disapproving the use of promissory notes to circumvent the employment agency law, of which memorandum we take judicial notice [Code Civ. Proc., § 1875, subd. 3], and a copy of which is attached to respondent's supplemental brief, clearly shows that the note in question which was executed after the memorandum was issued is contrary to public policy.

■ It appears from the foregoing that the lower court was justified in finding that a controversy arose under the Labor Code between plaintiff's assignor and defendant, and that the Municipal Court had no jurisdiction of the subject matter involved. (Lab. Code, § 1647; *Garson* v. *Division of Labor Law Enforcement* (1949), 33 Cal.2d 861, 863 [206 P.2d 368]; *Bess* v. *Park* (1956), 144 Cal.App.2d 798 [301 P.2d 978].)

■ The stipulation and appearance signed by plaintiff and defendant and filed herein by plaintiff, did not confer jurisdiction on the Municipal Court over the subject matter of the action, for lack of such jurisdiction may not be waived by a party or conferred on the court by consent. (*Sampsell* v. *Superior Court* (1948), 32 Cal.2d 763 [197 P.2d 739], and cases cited.)

The order and judgment appealed from are affirmed.