[Civ. No. 9112. Third Dist. Mar. 28, 1958.]

CECIL WETSEL et al., Respondents, v. THERESA GARIBALDI et al., Appellants.

Adon V. Panattoni for Appellants.

Gard Chisholm and J. A. Montgomery, Jr., for Respondents.

VAN DYKE, P. J.—Appellants, hereinafter called Garibaldi, appeal from an order confirming an award of arbitrators and from the judgment entered thereon. Respondents, hereinafter called Wetsel, on June 27, 1940, entered into a written agreement with Garibaldi for the purchase by Wetsel of growing timber with the right to cut and remove the same from Garibaldi lands. The contract contained numerous provisions as to what trees might be cut and removed, as to the conditions of such cutting and removal and as to the price to be paid. The contract also contained a paragraph, numbered 27, reading as follows: "In the event of any disagreement or dispute on any point arising under this contract, or in carrying same out, the matter in difference shall be determined by arbitration, . . . ."

The contract also contained a paragraph, Number 31, which provided that if Wetsel defaulted under the contract and did not cure such default within 30 days after receiving notice to do so Garibaldi might reenter the premises and exclude Wetsel therefrom, and at their option terminate the agreement, retaining all moneys paid.

At various times the parties executed amendments to the contract, affecting such matters as price, addition of lands to the lands covered by the agreement and conditions governing the cutting and removal of trees. During this time Wetsel exercised their rights. After the execution of the last amendatory agreement disputes arose and on April 24, 1950 Wetsel made written demand upon Garibaldi for the appointment of an arbitrator to determine a dispute concerning Wetsel's right to cut and remove timber from a specific parcel of land. Garibaldi notified Wetsel that an arbitrator had been appointed, but that there were additional disputes to arbitrate. They proposed that the arbitrators consider 19 items of dispute and that the arbitrators also consider Garibaldi's claim that Wetsel had forfeited all of their rights under the contract, including the right to arbitration, by having committed material breaches thereof, for which Garibaldi had exercised their option to end the agreement and terminate all rights of Wetsel. A dispute arose as to the matters to be covered by the proposed arbitration and Garibaldi notified Wetsel that they withdrew from arbitration and would resort to other remedies for the preservation of their rights. Thereupon Wetsel petitioned the superior court for an order compelling arbitration. The court issued an order to show cause why arbitration should not be ordered and in response thereto Garibaldi moved that the arbitration proceedings be dis-

missed, asserting their contentions that the right to arbitrate was gone. The court heard the matter and ordered that the controversies between the parties be submitted to arbitration on all matters arising under the contract. The court denied the motion to dismiss the proceeding. No specific findings were made on the issue of contract termination.

Arbitrators were appointed and those appointed selected a third. The arbitrators made an award disposing of the various disputes. Wetsel applied to the court to confirm the award and for the entry of judgment thereon. Garibaldi opposed and moved to vacate the award. The court set the award aside, deeming that on certain issues submitted the arbitrators had not made a complete determination. It ordered the arbitrators to take further action. This they did. A new award was made. Petition for confirmation and judgment was filed. Garibaldi renewed their opposition, but the court ordered confirmation of the award and thereupon entered judgment. The appeal followed.

Appellants Garibaldi contend that there were major controversies existing between the parties which were outside of the arbitration clause and therefore not arbitrable, and that even assuming such controversies were arbitrable, still there existed no right of arbitration at all because, acting under paragraph 31 of the principal contract and by reason of substantial breaches of the contract by Wetsel, Garibaldi had elected to terminate, and had terminated, the entire contract, with the result that there no longer existed an agreement to arbitrate. The question of the existence of an agreement to arbitrate and of the scope of the arbitration permissible under that agreement are issues which, in the first instance, the code refers to judicial action. Section 1282 of the Code of Civil Procedure provides:

"A party aggrieved by the failure, neglect or refusal of another to perform under an agreement in writing providing for arbitration may petition any superior court of the county or city and county where either party resides, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement or such failure to comply therewith is not in issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the agreement or the default be in issue an order shall be made directing a summary trial thereof. . . .

If no jury trial be demanded said court shall hear and determine such issue. If the finding be that no agreement in writing providing for arbitration was made, or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the finding be that a written provision for arbitration was made and there is a default in proceeding thereunder, an order shall be made summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.''

The order to arbitrate is not appealable. (*Corbett* v. *Petroleum Maintenance Co.*, 119 Cal.App.2d 21 [258 P.2d 1077]; *Sjoberg* v. *Hastorf*, 33 Cal.2d 116 [199 P.2d 668]; *Jardine-Matheson Co., Ltd.* v. *Pacific Orient Co.*, 100 Cal. App. 572 [280 P. 697].) But the propriety of the order to arbitrate, including any order delineating the issues to be arbitrated may be reviewed on appeal from the final order confirming the arbitrators' award or from the judgment entered thereon. No contention is advanced herein that the parties have, as they might have done, agreed that the arbitrators themselves might pass upon the arbitrability of disputes. (*McCarroll* v. *Los Angeles etc. Carpenters*, 49 Cal. 2d 45, 65-66 [315 P.2d 322].) Certainly there is nothing in the broad and simple language of the arbitration clause in the principal contract justifying a holding as a matter of law that the arbitrators were given such powers and the assumption, therefore, is that the parties expected a court determination of arbitrability. (*McCarroll* v. *Los Angeles etc. Carpenters, supra*, p. 66.) The parties therefore in the proceedings under section 1282 of the Code of Civil Procedure submitted to the court initially the question of the existence of an agreement to arbitrate, concededly having once been made but challenged as to continuing validity by Garibaldi's contention that the contract had for breach been terminated by their unilateral action. They rely upon *Hanes* v. *Coffee*, 212 Cal. 777 [300 P. 963]; *Abraham Lehr, Inc.* v. *Cortez*, 57 Cal.App. 2d 973 [135 P.2d 684], and *Friedlander* v. *Stanley Productions, Inc.*, 24 Cal.App.2d 677 [76 P.2d 145].

Although the trial court made no specific finding as to whether the contract had been terminated for cause, as contended by Garibaldi, or remained in all its parts in full force and effect, as contended by Wetsel, it impliedly decided that issue in favor of Wetsel since otherwise it would not have ordered arbitration.

The record here does not disclose the proceedings before the trial court except to present to us the order that it

made and its preparatory recitals that the matter had been heard and submitted for decision. In trying out the issue of unilateral termination the parties would be entitled to present evidence to the court concerning such matters as whether in fact Wetsel had breached the agreement, how serious the breaches were as either justifying or not justifying unilateral termination, whether or not breaches, if committed, had been cured or waived. In the absence of a transcript of oral proceedings, we have something in the nature of a judgment roll appeal from the court's order impliedly ruling that unilateral termination had not occurred; that, therefore, the parties had an existing agreement to arbitrate; that there was a refusal to arbitrate existing disputes by Garibaldi; and that these disputes arose out of the contract or its performance and were, consequently, arbitrable. We must, therefore, affirm the trial court's order directing the parties to arbitrate. We may say here that there is a claim by Wetsel that Garibaldi, notwithstanding their contentions advanced in their opposition to the order to arbitrate that the contract had been terminated, nevertheless submitted the issue of unilateral termination to the arbitrators. This, of course, they could have done, and had they done so they would be bound by the arbitrators' determination of that issue. We think, however, it would be unfair on this record to say that Garibaldi had in this manner waived or deprived themselves of the right to object to arbitration on the ground under discussion, and to have judicial determination of that issue.

Having been ordered to arbitrate, Garibaldi joined with Wetsel in submitting to the arbitrators a number of differences that had arisen and some of these included the same alleged breaches of contract which furnished in part a foundation for their claim of unilateral termination. In doing so, however, they recited the fact of their opposition to arbitration based on their claim of unilateral termination. We think they effectively reserved their right to review the arbitration order on appeal, though, perforce, accepting the arbitration order involving the same disputes in so far as the arbitrators might award damages or other remedies for any breaches found by the arbitrators to have been committed by Wetsel. The arbitrators did find in a number of instances that Wetsel had breached the agreement, and as a remedy therefor the arbitrators directed Wetsel to take steps to repair the injuries thir acts had caused. Thus the arbitrators ordered Wetsel to restore fences wrongfully removed, and to clear springs

wrongfully choked with logging debris, within designated time limits, with damage awards as alternatives if they failed to remedy the injuries they had caused. It also appears that Wetsel in designating disputes to be arbitrated referred to the issue of unilateral termination, in terms asserting that the superior court had ruled upon that matter and it appears further that the arbitrators considered that the issue had been ruled upon by the court adversely to Garibaldi. The arbitrators, therefore, made no determination of that issue.

In the absence of a record disclosing the oral proceedings before the trial court upon the issue of unilateral termination, we find that the record before us would not warrant us in holding that, as a matter of law, the arbitration order was erroneous. We must assume the court, on proper facts, decided there had been no unilateral termination. This being so, then the arbitration clause was sufficiently broad to make arbitrable every other controversy arbitrated.

We think it unnecessary to relate the several issues, numbering 17, which were arbitrated. We cannot sustain Garibaldi's contention that some were not arbitrable. They say that, while some defaults, such as damage to fences, water springs, etc., are by the terms of the contract such that arbitration would probably follow, other alleged breaches, such as the wrongful relogging of land already cut over, and the removal of trees and logs reserved to appellants, are not arbitrable. We do not so construe the arbitration agreement. We have noted its broad language, broad enough, indeed, to have even covered the subject of unilateral termination as a dispute arising out of the contract had not Garibaldi elected, as they did, to demand judicial determination of that issue. The arbitrators summarily stated the issues arbitrated. They were claims by Garibaldi that Wetsel had cut timber on property not included within their contract; that Wetsel had cut timber that was undersized; that the contract's specifications as to size must be determined as of the date of the execution of the contract and not as of the time of cutting, which occurred years later; that Wetsel had no right to cut dead timber and had done so; that they had cut unmerchantable timber, thus violating the reserve rights of Garibaldi; that they had cut timber closer to buildings than was permitted; that they had wrongfully cut trees marked as being reserved to Garibaldi; that they had constructed unnecessary and unwarranted access roads on the property; that they had damaged reserve timber by careless logging; that they had logged closer to

springs than permitted and had damaged some and destroyed others; that they had relogged areas contrary to their rights; that they had interfered with mining operations by Garibaldi; that they had damaged fences; that they had failed to continuously log as required by the contract. It is apparent that the arbitrators were required to determine many issues, both of fact and of law, but that is necessary in most arbitrations. It is permitted by the statute and was within the agreement of the parties. Of course we cannot on appeal go into the merits of the arbitrated disputes between the parties. Such matters are not subject to judicial review. (*O'Malley* v. *Petroleum Maintenance Co.*, 48 Cal.2d 107, 111 [308 P.2d 9]; *Myers* v. *Richfield Oil Corp.*, 98 Cal.App.2d 667, 671 [220 P.2d 973].) It appears that the arbitrators in this case diligently and intelligently acted upon every issue submitted. It is indicated by their award that they made many field investigations and obtained the services of men fitted by training to inspect the timber lands and testify as to conditions found. The arbitrators must have spent a great deal of time and appear to have done a thorough job.

█ It is contended by Garibaldi that Wetsel waived their right to arbitrate by filing a separate lawsuit for injunctive relief on a matter connected with the principal contract. Reference is to a suit filed by Wetsel whereby they sought to enjoin Garibaldi from interfering with their logging operations on a specified tract. This suit was brought on May 2, 1952, about two months after Wetsel had petitioned the court for an order confirming the award of the arbitrators and about six months after the arbitrators had rendered their award. Impliedly the trial court resolved this issue of waiver against Garibaldi in the proceedings to confirm the award and for the entry of judgment thereon. The arbitrators having made their award, the arbitration proceeding was at an end. Whether or not there would be any application to a court for confirmation pursuant to section 1287 of the Code of Civil Procedure would depend upon the conduct and desires of the parties. If parties accept and abide by an award there is no need for further judicial procedure. And ordinarily such procedure is not initiated unless one of the parties refuses to abide by the award or unless it be the desire of a party that an official record of confirmation and judgment be made. The complaint in the action filed by Wetsel recited that Wetsel had the right to cut timber on a tract known as the Stevenson place; that on the 1st of May, 1952 Garibaldi had pre-

vented Wetsel from entering for the purpose of cutting and removing timber greatly to the damage of Wetsel and they prayed that Garibaldi be enjoined from thus interfering with the exercise of their rights. The right of Wetsel to cut timber from the Stevenson place was one of the matters that had been submitted to the arbitration and the arbitrators had ruled that Wetsel had such right. The right relied upon by Wetsel, therefore, in the injunction suit was one which the arbitrators had determined Wetsel possessed and their action in requesting injunctive relief against such actions could not legally constitute a waiver of the already exercised and completed right to arbitrate. The court was amply authorized to hold, as it impliedly did, that there had been no waiver.

Finally, Garibaldi contends that the arbitrators exceeded their powers and that, therefore, the trial court erred in confirming the award. It should be observed here that every intendment will be indulged to give effect to arbitration proceedings and that to justify the setting aside of an award on account of error it must be shown that the rights of one of the parties are prejudiced by the award. (*Popcorn Equipment Co.* v. *Page,* 92 Cal.App.2d 448 [207 P.2d 647].)

Under this assignment Garibaldi contends that the arbitrators exceeded their powers in the determination of several issues. They assert that the arbitrators erroneously interpreted various parts of the principal contract and then applied their interpretations to the resolution of issues which would have been otherwise determined had the arbitrators correctly construed the agreement; that the arbitrators, as to another issue, reached an agreement that dead timber was not sold to Wetsel and yet made no award in spite of the fact, as shown by a minority report, that quantities of timber had been obtained from dead trees; that the arbitrators had assessed money damages for various breaches they found that Wetsel had committed and that on occasion they had accepted the estimates of third persons in assessing damages. As we have said, we cannot review the merits of the arbitrators' award. They are empowered to determine issues of law as well as of fact. As said in *Sapp* v. *Barenfeld,* 34 Cal.2d 515, 523 [212 P.2d 233] :

"Even though a party expressly asserts a lawful claim in the submission or raises it by the presentation of evidence to the arbitrators, the law does not guarantee that the claim will be allowed. Arbitrators, unless specifically required to act in conformity with rules of law, may base their decision upon

broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action."

 Said the court in *Crofoot* v. *Blair Holdings Corp.,* 119 Cal.App.2d 156, 186 [260 P.2d 156]:

". . . [I]t must be held that in the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or of law, may not be reviewed except as provided in the statute."

 Under the broad provisions of the arbitration clause in the principal contract we have before us we hold that the arbitrators' construction of the provisions of the contract as to which error is assigned and their factual determinations are beyond the scope of the review accorded by the statutes.

The order and the judgment appealed from are affirmed.

Peek, J., and Schottky, J., concurred.