GEORGE D. GREENHALGH *et al.* AS MEMBERS OF THE RHODE ISLAND RACING AND ATHLETICS COMMISSION *vs.* FRANCIS I. McCANNA *et al.* AS MEMBERS OF THE RACING AND ATHLETICS HEARING BOARD.

MARCH 18, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

418

Frost, J. This is a petition for a writ of certiorari to review and quash a decision of the respondent racing and athletics hearing board, hereinafter called the hearing board, reversing the action of the commission on horse racing and athletics, hereinafter called the commission, which had denied a license to Lyman Richards, a jockey, to ride in Rhode Island. The writ was issued and pursuant thereto the pertinent records were certified to this court. After the filing of the petition an *ex parte* order was entered staying

the operation of the hearing board's decision until further order of the court. On October 14, 1959 the attorney for Lyman Richards was allowed to intervene, and on November 18, 1959 his motion to vacate the restraining order was heard and denied.

Lyman Richards of 249 Emerson street, South Boston, Massachusetts, applied on July 6, 1959 for a license to ride as a jockey in this state. Although it was required, as stated on the application, that it be signed by the applicant and endorsed by two reputable persons there was but one endorser. The application was marked "Cannot recommend" and initialed by three stewards. Richards then sought and obtained a hearing before the commission, which denied the application and an appeal was taken to the hearing board. This board heard the matter at length and on September 11, 1959 in a written opinion sustained the appeal stating that it felt that a license to ride as a jockey in Rhode Island should be granted to Richards.

In this court the members of the commission have stated the following grounds upon which they base their contention that the petition should be granted: First, that Richards' application was defective in that it contained but one endorser; second, that it was necessary that he present to the stewards satisfactory evidence that he would participate in the meeting over which they had supervision; third, that he was not an aggrieved party with a right of appeal either to the commission or to the hearing board; fourth, that neither the commission nor the hearing board had jurisdiction to hear Richards' appeal; and fifth, that the findings of the hearing board are not supported by competent evidence.

As to the first and second grounds, the application presented to the commission and by the latter referred to the stewards, under rule 324 of the rules of horse racing 1949, was defective in that it contained the name of but one endorser. On the application forms prepared by the com-

mission it clearly states that there must be an endorsement by two reputable persons. In our opinion this was an essential requirement, and the absence of a second endorser was in itself a ground for denial of the license. The record before us does not reveal what evidence, if any, Richards presented to the stewards that he would ride in races over which they had supervision.

The commission contends that Richards was not an aggrieved person and therefore had no right to appeal either to the commission or to the hearing board.

The application for a license was in the beginning addressed to the commission, and properly so, general laws 1956, §41-3-8, and referred by it to the stewards for their recommendation. When the stewards failed to recommend Richards for a license he sought a hearing and while the commission was not bound to grant him one, particularly since his application was defective, it did so and thereafter denied the license. Clearly the failure of the commission to grant a license caused Richards to be an aggrieved person. He obtained his livelihood from riding as a jockey and therefore had an interest sufficient to entitle him to be considered an aggrieved person. In *Tillinghast* v. *Brown University*, 24 R. I. 179, at page 183, we stated, "The rule generally adopted in construing statutes on this subject is that a party is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest."

When the commission denied Richards' application it made a decision from which Richards as an aggrieved person could appeal to the hearing board. The pertinent portion of G. L. 1956, §41-1-2, having to do with the duties of the commission reads, "Said commission shall supervise the enforcement of all laws relating to the regulation and control of horse racing and athletics, and may in the first instance make decisions and issue orders, subject to appeal to the racing and athletics hearing board." Again in §41-

2-3 the right of the commission to make decisions is stated and also the right of appeal to the hearing board by an aggrieved person. But it is urged that in §41-3-8, wherein it is stated that the commission at its discretion shall license owners, trainers, jockeys, and starters, an appeal is not mentioned. In our opinion it was not necessary to do so, and the statutes cited are broad in their language and clearly include any decisions that the commission may make in the matter of licensing or failing to license jockeys.

We are of the opinion that Richards was within his statutory right in appealing to the hearing board and that the board had jurisdiction to hear the appeal. Section 41-2-4 authorizes such board to conduct hearings on appeals from decisions of the commission. It provides that it shall hear all appeals de novo as to both law and facts. A hearing of a case de novo is a retrial of the case. Black's Law Dictionary (3d ed.), page 1756, states of a trial de novo, "A new trial or retrial had in an appellate court in which the whole case is gone into as if no trial whatever had been had in the court below." See also *Collier & Wallis, Ltd.* v. *Astor,* 9 Cal. 2d 202, 204.

The commission's last point is that the findings of the hearing board are not supported by competent evidence. A hearing was held on August 20, 1959 at which the three members of the board were present as were also an assistant attorney general and counsel for Richards. At the beginning of the hearing the original application of Richards containing but one endorsement was offered and objected to by counsel for the commission. At this point counsel for Richards was allowed to become an endorser, thereby making the necessary number required by the application form. We are of the opinion that it was error for the hearing board to permit the original application to be amended. The application was made upon a form prepared by the commission, rule 323 of the rules of horse racing 1949, which required two endorsers. While the hearing before

the board was de novo it does not appear that it had any power to amend the application. In our judgment the objection of the commission's counsel raised a jurisdictional point, since a proper application was an essential requirement to a hearing and was a bar to any further hearing. Therefore we are of the opinion that the decision of the hearing board constituted an abuse of discretion since the hearing was based on an application which was initially defective.

The petition for certiorari is granted, the decision of the respondent hearing board is quashed, and the records in the case which have been certified to this court are ordered returned to the board with our decision endorsed thereon.

CONDON, C. J. I concur in the decision but do not subscribe to the view that the hearing board is vested with the power to review the commission's action in denying an application for a jockey license. In my opinion the licensing power is vested solely in the commission. The legislature has not granted the right of appeal to an applicant for such a license as it has expressly done for an applicant who is denied a retail liquor license. General laws 1956, §41-1-2, does not relate to the commission's action denying a jockey license but only to decisions and orders growing out of controversies which may arise in the actual conduct of horse racing.

If the legislature intended that the hearing board should have the ultimate power to pass upon applications for licenses it could have very easily so provided by appropriate language in G. L. 1956, §41-3-8, as it had done with reference to applicants for retail liquor licenses by the provisions of G. L. 1956, §3-7-21. In my opinion the fact that it did not do so is ample proof that it did not intend to grant an applicant for a jockey license the privilege of review by the hearing board of the commission's action denying such an application.

PAOLINO, J., concurs in the opinion of Mr. Chief Justice Condon.

*J. Joseph Nugent*, Attorney General, *F. Thomas O'Halloran*, Special Counsel, for petitioners.

*Bernard C. Gladstone*, for intervenor.