IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# EASTERN DIVISION.

---

## KNOXVILLE, SEPTEMBER TERM, 1894.

---

WILLIAMS *v.* DENTAL EXAMINERS.

(*Knoxville.* September 13, 1894.)

1. DENTISTRY: *Powers of State Board of Examiners.*

    Under Act of 1891, regulating the practice of dentistry in this State, the State Board of Examiners therein created has power to refuse an application for license to practice dentistry based solely upon the diploma of a dental college, if the board shall deem that the college is not reputable; and the decision of the board in this regard cannot be coerced or reversed by the Courts, in the absence of arbitrary and oppressive conduct on the part of the board.

    Act construed: Acts 1891, Ch. 108.

    Cases cited and approved: Turnpike Co. *v.* Marshall, 2 Bax., 122; Whiteside *v.* Stuart, 91 Tenn., 710; 5 Col., 60; 83 Mo., 123; 15 S.

W. Rep., 322; 32 Minn., 324; 110 Ill., 180; 20 N. W. Rep., 238; 51 N. W. Rep., 283; 18 N. W. Rep., 85; 28 N. E. Rep., 178; 17 How., 235.

2. SAME. *Same.*

   The Court finds no evidence in this record of arbitrary or oppressive conduct on the part of the Board.

FROM HAMILTON.

Appeal in error from Circuit Court of Hamilton County. · JOHN A. MOON, J.

INGERSOLL & PEYTON for Williams.

CLARK & BROWN for Dental Examiners.

WILKES, J. The relator, M. B. Williams, filed his . petition in the Circuit Court of Hamilton County against the State Board of Dental Examiners, seeking to compel that board to issue to him a certificate or license to practice dentistry in the State of Tennessee.

In his petition he alleges that he has a valid diploma from the Tennessee Medical College for the practice of dentistry; that said college, located at Knoxville, Tennessee, is a reputable college, duly chartered and organized under the laws of the State, and authorized to confer diplomas; that in it is annually delivered a full course of lectures and instructions in dentistry and dental surgery;

that he presented said diploma, together with five dollars, the lawful fee, to the defendaut board, and asked them to file and register the same, and to issue to him a certificate to practice dentistry in Tennessee; that said board refused to issue such certificate and license ou said diploma, unless petitioner would submit to an examination satisfactory to the board; that such refusal was unwarranted, arbitrary, and unlawful.

To this petition a demurrer was filed, setting out that the functions of the board in passing upon applicatious for license are judicial and discretionary in the board, and its action upon the application was final and conclusive, and that the Courts have no jurisdiction to compel the board to issue such certificate or license; that petitioner's demand was purely of a private nature, relating to no particular public duty, function, or office, and therefore the writ would not lie; and that petitioner refused to submit to an examination by the board, and therefore shows no right in himself, and no proper demand, and is hence entitled to no relief.

The demurrer was overruled, and thereupon defendant answered:

*First.*—That the Tennessee Medical College, which issued the diploma, is not a reputable college of dentistry.

*Second.*—That at the time of the issuance of the diploma there was not annually delivered a full course of lectures and instructions in dentistry and dental surgery; that the board was not by law

compelled to recognize its diplomas as valid and sufficient to warrant the issuance of license; that the board was vested with judicial discretion in the discharge of its duties, for the protection of the public against incompetency and in order to keep the practice of dentistry in the State up to a reasonably high standard, and that it cannot be controlled and coerced in the exercise of this judicial discretion; that the license was refused because the board did not consider the college which granted the diploma as a reputable college, and their determination of this matter is final and conclusive, and mandamus could not lie.

Much proof was taken on the part of the board to show the ground and reason for its action, and why it did not regard the college as reputable, and by the petitioner to show that the course of instruction in the college was unusually thorough, and its faculty composed of intelligent and competent instructors, and its diplomas entitled to be respected and recognized as valid.

It appeared from the record that the State Board has determined to recognize as reputable such schools of dentistry as belonged to the "National Association of Dental College Faculties," *and all others* that delivered two full courses of "dental lectures," and furnished sufficient proof of their regularity; that all students not holding a diploma from some literary college, university, or high school, or a teacher's certificate of proficiency, should be required to pass a satisfactory preliminary

examination before being allowed to matriculate, and that a three years' course of study be required for graduation.

It further appears that when the relator presented his diploma, and asked to be licensed, the board refused to recognize the diploma, but offered to make an examination, and, if satisfactory, to grant him a certificate, and notice to this effect was given to the relator, and also to the college of which he was a graduate.

It further appeared that the association called the "American Association of Dental Faculties" was composed of representatives from the various dental colleges in the United States, and was organized for the purpose of perfecting a uniform system of dental instruction, looking to the establishment of a uniform graded course and dental education that would be entitled to recognition in the several States, and to provide a uniform curriculum of studies in dental schools, and the higher advancement of the dental profession.

It appears that the State Board adopted the rules of this Association, and were to a great degree governed by its recommendations, but were not bound absolutely by it, but could, in their discretion, require more or less than the Association required, and that other State Boards of Dental Examiners, so far as could be ascertained, were members of this Association.

It does not appear that there was any prejudice or ill will on the part of the State Board toward

the Tennessee Medical College, or that it required more of students or graduates of this college than of others, and it does appear that the Tennessee Medical College had, subsequent to the issuance of the diploma to the relator, changed their course of instruction so as to conform more nearly to that recommended by the National Association and prescribed by the State Board. It had also applied to become a member of the National Association.

On the hearing of the case, the Circuit Judge excluded all evidence introduced by the relator to show that the Tennessee Medical College was a college in good repute, and held that the action of the State Board upon this question was conclusive, and dismissed the petition, from which judgment petitioner appealed, and has assigned errors, which raise the main question as to the power and functions of the State Board, and whether their action is final and conclusive as to the issuance of license.

The State Board of Dental Examiners was created by the Act of 1891, Chapter 108. So much of that Act as is material for the purposes of this case is as follows:

" SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That it shall be unlawful for any person to practice, or attempt to practice, dentistry or dental surgery in the State of Tennessee without first having received a diploma from the faculty of some reputable dental college, school, or university department duly authorized by

the laws of this State, or some other of the United States, and in which college, school, or university department there was, at the time of the issuance of such diploma, annually delivered a full course of lectures and instructions in dentistry or dental surgery; *Provided*, That nothing in Section 1 of this Act shall apply to any person engaged in the practice of dentistry or dental surgery in this State at the time of the passage of this Act, except as hereinafter provided; *And provided further*, That nothing in this Act shall be so construed as to prevent physicians, surgeons, or others from extracting teeth.

"SEC. 2. *Be it further enacted*, That a Board of Examiners, consisting of six practicing dentists of acknowledged ability as such, two of whom shall be residents in each of the three subdivisions of the State—East, Middle, and West Tennessee—is hereby created, who shall have authority to issue certificates to persons in the practice of dentistry or dental surgery in the State at the time of the passage of this Act, and also to decide upon the validity of such diplomas as may be subsequently presented for registration, as hereinafter provided, and issue certificates to all applicants who may hereafter apply to said board and pass a satisfactory examination.

"SEC. 6. *Be it further enacted*, That any person desiring to commence the practice of dentistry or dental surgery within this State, after the passage of this Act, shall, before commencing such practice,

40—9 P

file for record in a book kept for such purpose with said Board of Examiners his or her diploma, or a duly authenticated copy thereof, the validity of which said board will have power to determine. If accepted, said board shall issue to the person holding such diploma a certificate duly signed by all or a majority of the members of said board, and which certificate shall entitle the person to whom it is issued to all the rights and privileges set forth in Section 1 of this Act; *Provided*, That any person, whether holding a diploma as aforesaid or not, shall have the privilege of making application to said board, and, upon undergoing a satisfactory examination, shall be entitled to a certificate in like manner as a person holding a diploma, and upon the same terms."

It is insisted upon the part of the board that the power and duty is devolved upon it by the terms of this Act to determine both as to the genuineness of any diploma offered to it and as to the force and effect of such diploma—that is, it must pass not only upon the question whether the diploma is a genuine document and not a forgery, but also whether it is issued by a reputable college, and that its determination of these questions is final and conclusive, and its action thereon cannot be controlled by the Courts unless it appear that it has acted arbitrarily and from prejudice, so as to unjustly deprive the applicant of his legal rights, and that such power is necessary to the proper execution and administration of the law.

The purpose of this Act, as shown by its cap-
tion, is "to regulate the practice of dentistry in
Tennessee, and punish violators thereof."

The first section of the Act prohibits the practice
of dentistry in the State except by persons bringing
themselves into certain conditions, one of which is
that the applicant may receive such license if he hold
a diploma from some reputable dental college, etc.

By the next section a State Board of Examiners
is created, and their duties defined, among which
is the issuance of certificates for license, and they
are authorized to decide upon the validity of such
diplomas as may be presented to obtain certificates,
and also to make examinations when no diplomas
are presented; and in the sixth section it is pro-
vided that any person undergoing a satisfactory
examination, whether holding a diploma or not,
shall be entitled to a certificate.

Much has been said as to the scope and mean-
ing of the word "validity" as applied to a diploma,
and whether it means simply its genuineness, or, in
addition, its force and effect as emanating from a
reputable college.

It is evident, from the purpose and tenor of
the Act, that it was intended that an applicant,
basing his claim upon a diploma from a dental
college, and relying upon that, and declining to
pass an examination, must have a diploma from a
reputable dental college. It is also evident that,
in order to give force and effect to the Act, the
board of examiners provided for in it must have

discretion and power to determine, in cases of applicants with diplomas, whether they come within the provisions of the law, and whether the diplomas tendered by them as the basis of their application emanate from a reputable dental college. Otherwise, a diploma issued by a college without any standing or reputation, and having an existence merely in name, would be as sufficient and satisfactory as if it came from the best college in the land. There must be the power to determine this question lodged somewhere, and it is evident that it was the purpose of the Legislature to lodge it in the board of examiners created by the Act. It could not be lodged in a more appropriate tribunal, composed, we must presume, of men learned and trained in their profession, and competent to pass upon not only the qualifications of applicants, but on the reputation of schools within their State engaged in dental education.

In performing their duties, the board is exercising a *quasi* judicial function, and, so long as it does not act arbitrarily and illegally, its determination cannot be coerced by the Courts through writs of mandamus, so far as they involve the exercise of their discretion. *State* v. *Gregory et al.,* 83 Mo., 123; *Hathaway* v. *The State,* 15 S. W. Rep., 322; *State, etc.,* v. *The Board,* 32 Minn., 324; *People* v. *The Examiners,* 110 Ill., 180; *Powell* v. *The State Board,* 20 N. W. Rep., 238; *McLaughlin et al.* v. *Bowen,* 51 N. W. Rep., 283; *State* v. *Kendall,* 18 N. W. Rep., 85; *State* v. *Cristis,* 28

N. E. Rep., 178; *United States* v. *Seaman*, 17 How., 235; *White's Creek Turnpike Co.* v. *Marshall*, 2 Bax., 122, 123; *Whiteside* v. *Stewart*, 91 Tenn., 710; *Williams* v. *Camden*, 5 Col., 60.

We have not been able to find in the record that the defendant State Board has been guilty of arbitrarily and oppressively exercising their duties and functions, and it has, by rules which seem to us to be altogether proper, fixed a standard by which to determine the standing of dental colleges, and, in so doing, has been guided by the opinions and rules of a national association, composed of eminent dental men, selected in several different States with a view to promoting uniformity of decision and advancing of the profession; and having by these rules tested the diploma presented to them and determined that it did not emanate from a dental college which, at the date of its issuance, had brought itself up to the standard, although it may have subsequently done so, we are of opinion their finding is warranted by the law and conclusive on the facts, and not subject to be controlled by writs of mandamus from the Courts.

The adoption of the rules of the national association is in no sense a surrender of the board's power or discretion, but, on the contrary, so far as we can see, an effort to conform to a system recognized over the United States as conducive to the advancement of dental science and promoting the best interest of the profession.

The judgment of the Court below is affirmed, with costs, and the petition is dismissed.