State, ex rel., v. Board.

STATE, *ex rel.* MILLSAPS *et al., v.* BOARD OF EDUCATION
OF BLOUNT COUNTY.

*(Knoxville.*    September Term, 1909.)

1. **MANDAMUS. Discretion of boards will not be disturbed,
   except, when.**
   ·The courts will not, by *mandamus,* disturb the decisions and ac-
   tions of boards and officers having discretionary powers, except
   where they act in an arbitrary and oppressive manner, or act
   beyond their jurisdiction, or where they refuse to assume a
   jurisdiction which the law devolves upon them.

   Cases cited and approved:   Turnpike Co. v. Marshall, 2 Bax., 104,
   121, 123; Morley v. Power, 5 Lea, 691; Whitesides v. Stuart,
   91 Tenn., 710; Williams v. Dental Examiners, 93 Tenn., 619;
   Insurance Co. v. Craig, 106 Tenn., 621, 639-643; State, ex rel.,
   v. Taylor, 119 Tenn., 229.

2. **SAME. Same. Case in judgment where action of board will
   not be disturbed by mandamus.**
   Where a county board of education, under a statute (Acts 1907,
   ch. 236, sec. 10, subd. 4) making it the board's duty to locate
   schools where deemed most convenient, locates a school at a
   certain place for the purpose of consolidating two of the schools,
   and ultimately three, into one, it acts within its discretion,
   which is beyond the control of the courts, and its decision and
   action will not be disturbed by *mandamus.*

FROM BLOUNT.

Appeal from the Circuit Court of Blount County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.  GEORGE L. BURKE, Judge.

HARRISON & STICKLEY, for relators.

GAMBLE & CRAWFORD, for defendants.

PER CURIAM.

A petition was filed in the circuit court of Blount county against the defendant to compel it to locate a schoolhouse in a particular part of the Seventeenth civil district of the county.  The relief asked was refused by the circuit court, and on appeal to the court of civil appeals this judgment was affirmed.

We think both courts decided correctly.  The defendant board acted under chapter 236, p. 845, of the Acts of 1907.  That act provides, among other things, that it shall be the duty of the county board of education "to locate schools where deemed most convenient, having due regard for lessening the number in order to improve the efficiency of the county system of education." Section 10, subd. 4.  The county board located the school at a different place for the purpose of consoli-

State, ex rel., v. Board.

dating two of the schools, and ultimately three, into one. This was a matter within its discretion. The court cannot control such discretion by *mandamus* proceedings. *Insurance Co.* v. *Craig,* 106 Tenn., 621, 639-643, 62 S. W., 155; *Whitesides* v. *Stuart,* 91 Tenn., 710, 20 S. W., 245; *White's Creek Turnpike Co.* v. *John W. Marshall,* 2 Baxt., 104, 121, 123; *Morley* v. *Power,* 5 Lea, 691.

We know of no exception to the rule that the court will not, by *mandamus,* disturb the decisions and actions of the boards and officers having discretionary powers, except where they act in an arbitrary and oppressive manner (*Williams* v. *Dental Examiners,* 93 Tenn., 619, 27 S. W., 1019), or act beyond their jurisdiction (*Insurance Co.* v. *Craig,* supra), or where they refuse to assume a jurisdiction which the law devolves upon them (*State, ex rel.,* v. *Taylor,* 119 Tenn., 229, 104 S. W., 242).

Affirm the judgment.