STATE *ex rel.* SIMS *et al. v.* REAGAN, COUNTY SUPERIN-
TENDENT OF SCHOOLS, *et al.*[*]

(*Nashville*, December Term, 1939.)

Opinion filed February 17, 1940.

---

[*]See State ex rel. Cravens v. Delk, p. 614, infra.

608

A. R. Hogue and J. W. Evans, both of Jamestown, for plaintiffs in error.

Reagan & Hale and John S. Hale, all of Jamestown, for defendants in error.

Mr. Justice DeHaven delivered the opinion of the Court.

This is a *mandamus* suit brought on the relation of a number of citizens of Fentress County against the County Superintendent and ex-officio Secretary of the County

Board of Education, and the chairman and individuals composing the County Board of Education of Fentress County to compel the employment of a teacher for the Brannon School, near Jamestown, or show cause why they should not do so.

It is alleged in the bill that relators are freeholders and citizens of Fentress County and live in the vicinity of East Jamestown; that the Brannon School was established more than fifty years ago and has been maintained as a public school and has sufficient pupils to entitle it to two teachers under the laws of the State; that the school is located near the post office of East Jamestown and the railroad depot and has served as a community center for people living in the sparsely settled section surrounding the school for the radius of three or four miles, and the best interest of the children of the community and of the people demand this community center be encouraged and continued.

It is further averred in the bill that notwithstanding the facts above mentioned, "the aforesaid County Superintendent has arbitrarily failed and refused to recommend a teacher for the aforesaid Brannon School, and has likewise recommended that the school be abandoned and that the children belonging to this school be transported to the Alvin C. York Agricultural Institute, to the Elementary Department, in a building belonging to the State of Tennessee, and that the Brannon School be consolidated with the Alvin C. York Agricultural Institute," etc. It is further averred that the County Board of Education, without giving proper consideration to this matter, and without the proper consideration of the two schools affected, and disregarding the fact that the efficiency of both schools will be impaired by the consolidation have acquiesced in the recommendation

of the County Superintendent "and entered an order" for the consolidation of the two schools, against the wishes and protest of nearly every patron of the Brannon School, and without notice to them. It is then alleged, in substance, that "While the Board must exercise discretion in the matter of consolidation as well as other matters, but petitioners aver that this has been abused and an injustice done to the children of both schools." The bill then goes on to relate wherein, in the opinion of the relators, the consolidation is not advisable.

Defendants made answer and averred that the County School Board is vested by law with power to consolidate schools and their acts of discretion in consolidating the Brannon School with the York School is not subject to review by the courts; that by "proper and legal action" it has consolidated the two schools and that it believed that said act of consolidation was for the best interest of the Brannon School and for the Fentress County School system; that it had made arrangements for the transportation of the pupils from Brannon School to Jamestown and is of the opinion that this is for the best interest of the pupils of the school; that the Brannon School house is in a bad state of repair and in the opinion of the Board is not in fit condition to be used for school purposes, and if school is held there it will necessitate the building of a new school house at that place, and that in the interest of economy and of the public concern it is best to transport the pupils to Jamestown where they will have better educational advantages. The answer was sworn to by the Chairman of the Board.

On final hearing, a peremptory writ of *mandamus* was denied by the trial judge, and the bill was dismissed. Petitioners have appealed to this court and made numerous assignments of error. The questions sought to

be made by the assignments may, we think, be best considered without following seriatim the assignments as made.

(1) It is complained that the answer is not sworn to by the County Superintendent and six of the members of the Board. However, it is sworn to by the Chairman of the Board. This, we think, was sufficient.

(2) It is complained that the answer was filed too late. The court had allowed defendant until August 23rd to answer. The answer was filed August 24th. Defendants had interposed a motion to dismiss the bill because no cost bond was given. The court may excuse failure to plead within the time prescribed. Code, Section 10336.

(3) It is complained that the order of the Board consolidating the two schools was not a valid order, it having been passed at a special meeting of the Board without a legal call. It appears that the order was made at a special meeting of the Board on March 17, 1939; that the Chairman requested the Secretary to send out notice of the meeting to other members of the Board. Code, Section 2320 provides that special meeting of a County Board may be called by the Chairman, whenever in his judgment the interest of the schools so requires. We think that the notice of the special meeting sent out by the Secretary, which shows on its face to have been authorized by the Chairman, was legal and sufficient. Furthermore, all of the members of the Board attended the special meeting and participated therein. The bill makes no attack on the legality of the special meeting on account of lack of notice.

(4) It is next complained that the court erred in not holding that the Board had abused its discretion and disregarded the best interest of the children and of the

patrons of the Brannon School in ordering the consolidation here in question.

Code, Section 2379 provides as follows:

"The county board of education shall have due regard to increasing the length of the school terms for the benefit of the county by limiting the number of schools, and by consolidation whenever practicable." .

Undoubtedly, the Board was vested with a discretion with respect to the consolidation in question. The relators, in effect, desire to substitute their opinion as to this consolidation for that of the Board. The Board did not act illegally in ordering the consolidation. Its judgment on the matter may or may not have been wise. Nothing is better settled with respect to the law governing *mandamus* than that the writ is never granted to control or coerce the exercise of discretionary power on the part of a board or officer. *Peerless Construction Co.* v. *Bass,* 158 Tenn., 518, 14 S. W. (2d), 732; *Insurance Co.* v. *Craig,* 106 Tenn., 621, 62 S. W., 155; *Morley* v. *Power,* 73 Tenn. (5 Lea), 691.

In *State ex rel* v. *Board of Education of Blount County,* 122 Tenn., 161, 121 S. W., 499, it was held that the act of the County Board in locating a school for the purpose of consolidating two schools would not be disturbed by *mandamus,* the Board being authorized to so act within its discretion, and it not appearing that the Board acted in an arbitrary and offensive manner, or beyond its jurisdiction. To like effect is the case of *Cross* v. *Fisher,* 132 Tenn., 31, 177 S. W., 43, Ann. Cas., 1916E, 1092.

The allegation of the bill to the effect that the Board arbitrarily refused to elect teachers for the Brannon School is not supported by the facts of the case. The trial judge found against petitioners on this issue,

It may be conceded that the question of whether or not two or more schools should be consolidated is one about which reasonable minds can differ. But, under our form of government a county school board is created for the purpose of governing the schools, within the law. It would create chaos, if, at the behest of citizens, however well intentioned, the courts stepped in and dictated to such boards their actions with respect to discretionary matters.

We have considered all of the questions raised in the case and our conclusion is that the judgment of the trial court must be affirmed. The relators will pay all of the costs of the appeal.