Ed Davis, Shirley Davis, Carl Gibson, Otis D.
Penticuff, Albert Hayes, Paul Hayes,
Warren Reagen, and Oliver Price,
Appellants,

*v.*

Fentress County Board of Education, Curt Hatfield,
Henry Norman, Cordes Peavyhouse, Theodore Hicks,
and Hobart Linder, Appellees.

402 S.W.2d 873.

(*Nashville,* December Term, 1965.)

Opinion filed April 22, 1966.

ROBERTS & ROBERTS, Livingston, and JOHN E. APPMAN, Jamestown, for appellants.

NEAL & CRAVEN, Jamestown, for appellees.

MR. JUSTICE WHITE delivered the opinion of the Court.

This cause of action was dismissed on demurrer. The original bill was filed by Ed Davis, Shirley Davis, and others, as parents of nineteen children who attended the public schools in Fentress County, Tennessee. The original complaint filed on August 19, 1965, averred that the defendants, Curt Hatfield and others, constituting the

membership of the Fentress County Board of Education, did wrongfully and unlawfully refuse to provide transportation for their children to the Pine Haven School in said county. It is averred that the Board was providing transportation to and from school for the children of other residents of the same school district by transporting them to the nearest school.

The gist of the bill sought a mandatory injunction requiring the School Board to transport said children of the complainants to the Pine Haven School.

Defendants, in their demurrer, claimed that the bill did not state a cause of action in that the general averments were not sufficiently set forth for the extraordinary relief sought. Whereupon complainants were allowed to file an amended bill, setting forth in more particularity their grievances. A demurrer to the bill, as amended, was filed and upon presentation to the chancellor was sustained. From his action the complainants were granted an appeal to this Court, which they have perfected, and have filed assignments of error and brief and argument in support thereof, which will be disposed of herein.

In the amended bill it is said that it is the duty of the County Board of Education, pursuant to Article 11, Section 12, of the Tennessee Constitution, and T.C.A. sec. 49-2202, to provide all children within the jurisdiction of said Board an equal opportunity for an education in the public schools. T.C.A. sec. 49-2202 provides, in part, that the pupils must ''be provided equal opportunity to attend school with any other pupil transported at public expense, except as conditions of roads or remoteness may prevent.

Complainants aver that the Board has abused its discretion in carrying out the requirements of the aforementioned provisions of the Constitution of Tennessee and the Section of the Tennessee Code. They aver specifically that this abuse consisted in transporting the children of the complainants to Pall Mall School, when it would be much better to transport them to Pine Haven School, which is nearer their homes. They aver that it is more efficient to transport the children to the Pine Haven School and they are exposed to a less dangerous route of travel than if they are forced to be transported to Pall Mall School.

In the prayer for relief, they ask that an injunction issue commanding the defendants to furnish transportation for their children to Pine Haven School. Damages are also asked because they have been required to provide private transportation for their children to the Pine Haven School. Defendants' demurrer to the bill, as amended, states there is no showing that the members of the Board of Education have acted outside the scope and limit of their authority and thus the bill, as amended, does not state a cause of action against them.

The relief sought herein is essentially in the nature of a writ of mandamus, although the State is not made a party to this action on relation of the complainants. Nevertheless, complainants seek to force public officials to exercise their discretionary authority and duty regarding a matter of government. It is a general rule of law that mandamus will lie only to compel the doing of a ministerial act by a government official, and if he is clothed with any discretion about the doing of the act, then the writ of mandamus is not available. The rule is otherwise stated:

The rule is so general and obvious as to be almost axiomatic that a public officer clothed with discretionary or *quasi* judicial power, as contradistinguished from mere ministerial duty, cannot be coerced by mandamus, or restrained by injunction in the exercise of his judgment under that power; otherwise, the court would substitute its judgment for his, which is not permissible. *Insurance Co. v. Craig,* 106 Tenn. 621, 639, 62 S.W. 155 (1901).

There is no allegation in the bill that the powers conferred upon the County Board of Education were other than discretionary.

We know of no exception to the rule that the court will not, by *mandamus,* disturb the decisions and actions of the boards and officers having discretionary powers, except where they act in an arbitrary and oppressive manner (*Williams v. State Board of Dental Examiners,* 93 Tenn. 619, 27 S.W. 1019), or act beyond their jurisdiction (*Insurance Co. v. Craig,* supra), or where they refuse to assume a jurisdiction which the law devolves upon them (*State ex rel v. Taylor,* 119 Tenn. 229, 104 S.W. 242). *State ex rel. Millsaps et al. v. Board of Education of Blount County,* 122 Tenn. 161, 121 S.W. 499 (1909).

To like effect is *State ex rel. Sims v. Reagan,* 175 Tenn. 607, 136 S.W.2d 521 (1940); *Peerless Construction Co. v. Bass,* 158 Tenn. 518, 14 S.W.2d 732 (1929).

 While complainants aver facts that seem to infer the insufficient operation of school buses, they do not charge an abuse of discretion and neither do they allege that the Board acted arbitrarily, unreasonably, oppressively, or beyond the scope of their authority in assigning

the children to Pall Mall School. The substance of their averments is that the defendants refused to transport their children to Pine Haven School, which they could have done without changing the present school bus routes, that their children are being treated unfairly and unequally. Unequal treatment is no ground for the relief sought absent arbitrary and unreasonable abuse of discretion, or the commission of some unconstitutional act or some act over and beyond the authority of the School Board. We do not think the Board's action was arbitrary or unreasonable, and it does not violate the Constitution for the reason that complainants' children are provided transportation to Pall Mall School. It would, in fact, seem clearly unreasonable to force the defendants to provide transportation to any school of their choice, although such children are not otherwise barred from attending any other school in the county. Even where, as here, the bus routes would not have to be changed to supply complainants' relief, the possibility of overcrowding certain schools is a danger in the avoidance of which the Board has discretion.

In *State ex rel. Thompson v. Marion County Board of Education,* 202 Tenn. 29, 302 S.W.2d 57 (1957), it was held that a regulation of the Board of Education, which required the expelling of married students, was reasonable and within the power of the School Board to "suspend or dismiss pupils when the progress or efficiency of the school makes it necessary." T.C.A. sec. 49-214(9).

Boards of Education, rather than Courts, are charged with the important and difficult duty of operating the public schools. So, it is not a question of whether this or that individual judge or court considers a given

regulation adopted by the Board as expedient. The Court's duty, regardless of its personal views, is to uphold the Board's regulation unless it is generally viewed as being arbitrary and unreasonable. Any other policy would result in confusion detrimental to the progress and efficiency of our public school system. 202 Tenn. at 34, 302 S.W.2d at 59.

For the reasons stated above, we therefore, affirm the chancellor in sustaining the demurrer.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.