Bruce O'NEAL and Harmon L. O'Neal, his father, as his next friend, Appellants (Plaintiffs below),

v.

SCHOOL DISTRICT NO. 15 SCHOOL BOARD, Dan Ever, Joyce Hovelsrud and Pauline Oltion, Members, Appellees (Defendants below).

No. 3764.

Supreme Court of Wyoming.

March 18, 1969.

Bruce P. Badley, Sheridan, for appellants.

Rex O. Arney, of Redle, Yonkee & Redle, Sheridan, for appellees.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Chief Justice GRAY delivered the opinion of the court.

Plaintiff Bruce O'Neal is an eighth grade student residing in School District 15 at Story, Wyoming, and for the school year 1968–1969 enrolled at Central Junior High in Sheridan, Wyoming. The defendants are members of the board of the Story district and request was made of them by plaintiffs to transport Bruce to and from Central Junior High on the bus the district operates between Story and Sheridan primarily for its high school students. Prior to that time the district had adopted and enforced

without exception a regulation to the effect that no transportation would be furnished grade school children for whom the district maintained and provided educational facilities. In reliance upon such regulation the defendants denied the request. The within action, which basically is an attack upon the legality of the district's regulation as it applied to Bruce, was then commenced. From an adverse result below the plaintiffs appeal.

The thrust of plaintiffs' attack is that the board's denial of the request was arbitrary and capricious under the circumstances. In support of their claim plaintiffs adduced evidence tending to show that Central Junior High offered certain advantages to Bruce, among which was a hot lunch program, a separate study hall, a gymnasium, a shop program, and a science department. It was also established without contradiction that space was available on the bus and Bruce could be transported without imposing additional costs upon the district.

The record also discloses that the district maintained a school at Story for grades one through eight, the school having approximately 73 pupils enrolled, about 20 of whom were in the seventh and eighth grades. While it appears that all of plaintiffs' criticisms leveled against the school were unwarranted, it is not seriously questioned by defendants that Sheridan's Central Junior High did offer advantages not available at Story. It was also conceded that the district, in addition to its own high school students, transported other students living along its bus route.

In disposing of the matter, the trial court, among other things, determined that although § 21–115, W.S.1957, did not preclude the district from permitting Bruce to ride the bus, the matter was one within the discretion of the district and plaintiffs had failed to prove that the board acted arbitrarily and capriciously. Plaintiffs, of course, accept the holding that the statute did not prevent the board from granting the request—a matter we need not decide—but contend that the trial court erred in not determining that the board abused its discretion.

The record is not entirely clear as to whether the regulation or policy of which plaintiffs complain was initially adopted by the electors of the school district at the annual district meeting or by a preceding board. No point of this omission has been made by the parties, however, and perhaps it was of no significance inasmuch as the defendants, a short time prior to the filing of the action herein, reviewed and reaffirmed the district's policy. We mention it simply to demonstrate that plaintiffs appear to be under some misapprehension as to the role of the courts in the premises. Their approach here is on the basis that the board, in denying the request, acted in a quasi-judicial capacity and its denial is not supported by substantial evidence of record. Most of their argument and the authorities upon which they rely are devoted to that principle. The real question is whether or not plaintiffs met their burden in establishing that the regulation adopted by the district in what was tantamount to an exercise of its legislative powers was arbitrary and unreasonable.

■ In that situation the courts are not concerned with the wisdom of the policy or regulation, Board of Directors of Independent School District of Waterloo v. Green, 259 Iowa 1260, 147 N.W.2d 854, 858; Leonard v. School Committee of Attleboro, 349 Mass. 704, 212 N.E.2d 468, 472, 14 A.L.R.3d 1192; Davis v. Fentress County Board of Education, 218 Tenn. 280, 402 S.W.2d 873, 875; Flory v. Smith, 145 Va. 164, 134 S.E. 360, 362, 48 A.L.R. 654. The full impact of the scope of review is well stated in Starkey v. Board of Education of Davis County School District, 14 Utah 2d 227, 381 P.2d 718, 720, as follows:

"It is not for the courts to be concerned with the wisdom or propriety of the resolution as to its social desirability, nor whether it best serves the objectives of education, nor with the convenience or inconvenience of its application to the plaintiff in his particular circumstances. So

long as the resolution is deemed by the Board of Education to serve the purpose of best promoting the objectives of the school and the standards for eligibility are based upon uniformly applied classifications which bear some reasonable relationship to the objectives, it cannot be said to be capricious, arbitrary or unjustly discriminatory."

Such regulations are presumed to be reasonable, Bess v. Park, 144 Cal.App.2d 798, 301 P.2d 978, 983; Hamilton and Mort, The Law and Public Education, Ch. 5, p. 123 (2d Ed.) ; and based upon a knowledge of the facts, 2 Am.Jur.2d, Administrative Law, § 748, p. 649.

■ With respect to the matter of transportation, it was the district's sole prerogative in the first instance, under the provisions of § 21–115, to determine whether or not the district was to maintain a school with grades from one through eight, for example, or in lieu thereof to transport those school children residing in the district to adjoining districts. That decision, as shown, was made several years ago, and the regulation here under attack was unquestionably adopted to augment that decision.

■ In defense of the regulation, the defendants asserted that any policy of granting an unlimited privilege to school children in their district for whom educational facilities were then available to be furnished transportation by the district to other districts would be disruptive of their school and its program. According to defendants, they must know in advance approximately what the enrollment is going to be for the ensuing year in order to prepare their program, employ teachers, and provide other facilities to meet the needs. Confining the situation to pupils in the seventh and eighth grades, defendants contend that if one exception is made to the regulation then other exceptions will have to be made; and considering that some 20 pupils would be involved, the result might be the district would lose what is normally described as its junior high school.

Such rationale is not unlike the rationale that this court followed in State ex rel. School Dist. No. 1, Niobrara County v. School Dist. No. 12, Niobrara County, 45 Wyo. 365, 18 P.2d 1010, 1015–1016. The problem there was whether or not high school students were free to attend the high school of their choice in another district at the expense of their resident district. It was held that to construe the law as granting this privilege to students, unsanctioned by their home district, would have a damaging and eroding effect upon the affairs of such district. In other words, the resident district was granted the power, in the exercise of its discretion, to control the matter for the general welfare of the district; and there was a reasonable basis for its action in imposing a limitation.

With respect to the advantages that Bruce might receive by attending Central Junior High, it could hardly be questioned, as we have indicated, that such advantages aside from the matter of convenience, which is unimportant, would be desirable. In this connection, however, it was not shown that the Story district was furnishing inadequate educational facilities within the limits of its own resources; and one member of the board testified, "However, we're providing a good seventh and eighth grade program to the best of our ability." It might well be that parents and educators would disagree with the view that a school such as Story sufficiently meets the educational needs of the youngsters of today, and yet until its recent session the legislature of this state has not demanded more.

No doubt consideration of all of the foregoing matters by the trial court prompted the determination that the regulation was not without a reasonable basis and the mere fact that transportation was available to permit Bruce to obtain advantages at Central Junior High in Sheridan not available in the Story district did not establish that the denial by the defendants of plaintiffs' request was arbitrary and capricious. As shown, such a determination has support in the record and we find no basis for hold-

ing that the trial court erred in this respect.

■ In addition to the foregoing, the plaintiffs complain of a ruling of the district court striking a portion of their initial complaint and in not advancing the proceeding for a speedy hearing as provided by Rule 57, W.R.C.P. The error of the trial court, if any, in that respect has not been demonstrated; and even assuming that error might have been committed, the rulings have not been shown to be prejudicial.

Judgment affirmed.